# UNITED STATES DISTRICT COURT

for the

North Carolina District of ☐▾

Eastern Divi~ ~

Dineen Cherylann Etienne

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

**–v–**

North Carolina Department of Administration,Machelle Sanders, Historically Underutilized Business,Tammie Hall,North Carolina Department of Transportation, Benny Sloan, Brandon Lee,Alyass Mako, Add All

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.  Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 1:22–cv–02509 JURY DEMAND
Assigned To : Jackson, Amy Berman
Assign. Date : 8/22/2022
Description: Pro Se Gen. Civ. (F–DECK)

Jury Trial:  *(check one)*  ☑Yes  ☐No

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## (Non-Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

RECEIVED

AUG 2 2 2022

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Dineen Etienne |
| Address | 4210 Falmont Place, Unit 207 |
| | Fayetteville NC 28314 |
| | *City* *State* *Zip Code* |
| County | Cumberland |
| Telephone Number | 206-887-3171 |
| E-Mail Address | dineenetienne0706@prontonmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | North Carolina Department of Administration, Machelle Sanders |
| Job or Title *(if known)* | Secretary |
| Address | 116 West Jones Street |
| | Raleigh NC 27603 |
| | *City* *State* *Zip Code* |
| County | Wake |
| Telephone Number | 919-807-2425 |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Historically Underutilized Businesses, Tammie Elaine Hall |
| Job or Title *(if known)* | Divison Executive Director |
| Address | 116 West Jones Street |
| | Raleigh NC 27603 |
| | *City* *State* *Zip Code* |
| County | Wake |
| Telephone Number | 984-236-0134 |
| E-Mail Address *(if known)* | tammie.hall@doa.nc.gov |

☐ Individual capacity  ☑ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | North Carolina Department of Transportation, Benny Slaon |
| Job or Title *(if known)* | DBE Certification Officer |
| Address | 750 North Greenfield Parkway |
| | Garner     NC     27529 |
| | *City*     *State*     *Zip Code* |
| County | Wake |
| Telephone Number | 984-236-1200 |
| E-Mail Address *(if known)* | bfsloan@ncdot.gov |

☐ Individual capacity    ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | North Carolina Department of Transportation, Brandon Lee |
| Job or Title *(if known)* | DBE Cerification Officer |
| Address | 750 North Greenfield Parkway |
| | Raleigh     NC     27601 |
| | *City*     *State*     *Zip Code* |
| County | Wake |
| Telephone Number | 919-675-7332 |
| E-Mail Address *(if known)* | bclee1@ncdot.gov |

☐ Individual capacity    ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? Officials acted in their full capacity, when conspired to cause injury, oppress, threaten and intimidate Plaintiff. Defendants have hindered and prevent Plaintiffs to freely exercise and enjoyment of their rights and privileges. Plaintiffs alleges that Defendants committed many offensives that included attempted murder, data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs phone. See additional pgs.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Defendant No. 5

Name: **NORTH CAROLINA DEPARTMENT OF TRANSPORTATON, Darrin Brown**

Job or Title (if known): DBE CERTIFICATION OFFICER

ADDRESS: 750 N Greenfield Parkway

City   GARNER          State   **NC**     Zip Code **27529**

County Telephone Number **984-236-1200**

E-Mail Address (if known): **bclee@ncdot.gov**

☐ Individual capacity ■ Official capacity

Defendant No. 6

Name **NORTH CAROLINA DEPARTMENT OF TRANSPORTATON, ALYSSA** MAKO

Job or Title (if known): DBE CERTIFICATION OFFICER

Address: 750 N GREENFIELD PARKWAY

City   **GARNER**          State **NC**     Zip Code **27529**

County Telephone Number **984-236-1200**

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity

Defendant No. 7

Name:  Small Business Administration, David Dubois

Job or Title (if known): **Loan Specialist**

ADDRESS:  409 3rd St SW

City  **Washington**     State   **DC**     Zip Code **20416**

COUNTY TELEPHONE NUMBER (202) 205-8800

E-Mail Address (if known) **David.Dubois@sba.gov**

☐ Individual capacity ■ Official capacity

Defendant No. 8

Name: **Small Business Administration Cynthia Pope**

Job or Title (if known) **National Ombudsman**

ADDRESS: 409 3ʳᵈ St SW

City: **_Washington_**    State **_DC_**    Zip Code **_20416_**

COUNTY TELEPHONE NUMBER: (202) 205-8800

E-Mail Address (if known) **ombudsman@sba.gov**

    ☐ Individual capacity  ☒ Official capacity


Defendant No. 9

NAME: **SMALL BUSINESS ADMINISTRATION** Isabella Casillas Guzman

Job or Title (if known): **Administrator Director of SBA**

Address: 409 3ᴿᴰ ST SW

City **_Washington_**         State **_DC_**              Zip Code **_20416_**

County Telephone Number: **833-572-0502**

E-Mail Address (if known)

    ☐ Individual capacity  ☒ Official capacity


Defendant No. 10

Name: NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, SHAWN WILLAMS

Job or Title (if known): **General Construction Manager**

ADDRESS: 2020 Yonkers Road

City **_Raleigh_**       State **_NC_**  Zip Code **_27699_**

County Telephone Number: **919-324-1305**

E-Mail Address (if known) **shawn.willaims@ncdps.gov**

    ☐ Individual capacity  ☒ Official capacity

Defendant No. 11

Name: NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, WILLIAM N. STOVALL

Job or Title (if known): **Deputy Correction Secretary**

Address: **2020 Yonkers Road**

City **Raleigh**      State **NC**      Zip Code **27699**

County Telephone Number: **919-716-3700**

E-Mail Address (if known) **William.stovall@ncdps.gov**

                    ☐ Individual capacity ■ Official capacity


Defendant No. 12

Name: NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, ROBERT SEAL

Job or Title (if known)

Address: **2020 Yonkers Road**

City **Raleigh**      State **NC** Zip Code **27699**

County Telephone Number:

E-Mail Address (if known) **Robert.seal@ncdps.gov**

                    ☐ Individual capacity ■ Official capacity


Defendant No. 13

Name: NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, MATT WELLS

Job or Title (if known) **Central Engineering Inmate Construction Program**

Address: **2020 Yonkers Road**

City **Raleigh**      State  **NC** Zip Code **27699**

County Telephone Number: **919-324-1299**

E-Mail Address (if known) **matthew.well@ncdps.gov**

                    ☐ Individual capacity ■ Official capacity


Defendant No. 14

Name: NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, KIM V. OHOW

Job or Title (if known) **Administrative Assistant**

Address: **2020 Yonkers Road**

City _**Raleigh**_     State _**NC**_     Zip Code _**27699**_

County Telephone Number: **919-716-3100**

E-Mail Address (if known) **kim.ohow@ncdps.gov**

☐ Individual capacity  ■ Official capacity


Defendant No. 15

NAME:   North Carolina State Construction Office, Latif Kaid

Job or Title (if known): **P.E. Director**

Address: 301 NORTH WILMINGTON ST.

City _**Raleigh**_     State _**NC**_     Zip Code _**27699**_

COUNTY TELEPHONE NUMBER:   984-236-5400

E-Mail Address (if known) **Latif.kaid@doa.nc.gov**

☐ Individual capacity  ■ Official capacity


Defendant No. 16

NAME:   North Attorney General Office, Josh Stein

JOB OR TITLE (IF KNOWN) **Attorney General**

ADDRESS: 114 West Edenton Street

City _**Raleigh**_     State _**NC**_     Zip Code _**27603**_

COUNTY TELEPHONE NUMBER: 919-716-6400

E-Mail Address (if known)

☐ Individual capacity  ■ Official capacity


Defendant No. 17

NAME: WAKE COUNTY CLERK OFFICE OF THE COURT, F. Blair William
Job or Title (if known) **Clerk of Superior Court**

ADDRESS: 316 Fayetteville Street

*City **Raleigh*** *State **NC*** *Zip Code **27601***

County Telephone Number **919-792-4000**

E-Mail Address (if known) blairwilliamclerkofcourt@gmail.com

☐ Individual capacity ▪ Official capacity


Defendant No. 18

NAME: WAKE COUNTY SHERIFF OFFICE, T.L. Davis

Job or Title (if known) **Sheriff Officer**

Address: **333 South Salisbury Street**

*City **Raleigh*** *State **NC*** *Zip Code**27601***

County Telephone Number **919-856-6900**

E-Mail Address (if known)

☐ Individual capacity ▪ Official capacity


Defendant No. 19

NAME: FAYETTEVILLE POLICE DEPARTMENT, GINA HAWKINS

Job or Title (if known) **Police Chief**

Address: **467 Hay Street**

*City **Fayetteville*** *State **NC*** *Zip Code **28301***

County Telephone Number: **910-433-1529**

E-Mail Address (if known)

☐ Individual capacity ▪ Official capacity


Defendant No. 20

Name: **Fayetteville Sheriff Office, Ennis W. Wright**

Job or Title (if known) **Sheriff**

Address: **131 Dick Street**

*City **Fayetteville*** *State **NC*** *Zip Code **28301***

County Telephone Number **910-323-1500**

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity


Defendant No. 21

NAME: Cumberland County Department of Health and Human Services, TERESA MONROE

Job or Title (if known) **Child support enforcement agent**

Address: **1225 Ramsey Street**

City **_Fayetteville_** State **_NC_** Zip Code **_28301_**

County Telephone Number 28301

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity


Defendant No. 22

Name: **Cumberland County Health Net, Wanda Melanson**

Job or Title (if known) **Plaintiff Medical Provider**

Address: **1235 Remsey Street**

City **_Fayetteville_** State **_NC_** Zip Code **_28301_**

County Telephone Number: **910-433-3600**

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity


Defendant No. 23

Name: **FedEx, Katie Hammond**

Job or Title (if known) **Manager**

Address: **5091 Morganton Road**

City **_Fayetteville_** State **_NC_** Zip Code **_28314_**

County Telephone Number **910-867-7162**

E-Mail Address (if known)

■ Individual capacity ■ Official capacity

Defendant No. 24

Name: **North Carolina Department of Revenue, Ronald G. Penny**

Job or Title (if known) **Acting Secretary**

Address: **501 North Wilmington St.**

City **Raleigh**    State **NC**    Zip Code **27604**

County Telephone Number **919-707-0880**

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity

Defendant No. 25

Name: **Fayetteville United State Post Office**

Job or Title (if known)

Address: **6380 Cliffdale Road**

City **Fayetteville**    State **NC**    Zip Code **28314**

County Telephone Number **910-423-2309**

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity

Defendant No. 26

NAME: Reserve at Carrington place also known as Blue Ridge Management, Karen Rea Perkins

Job or Title (if known) **Manager**

Address **6511 Lexi Lane**

City **Fayetteville**    State **NC**    Zip Code **28314**

County Telephone Number: **910-387-4618**

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity

Defendant No. 27

NAME:  North Carolina Ethics Commission, TIFFANY BRYANT

Job or Title (if known) **Investigator**

Address: **424 North Blount Street**

City *Raleigh*   State **NC**   Zip Code **27603**

County Telephone Number: **919-814-0700**

E-Mail Address (if known) **tiffany.bryant@ethics.nc.gov**

☐ Individual capacity  ■ Official capacity


Defendant No. 28

NAME:  North Carolina Industrial Commission Myra L Griffin

Job or Title (if known) **Vice-Chair**

Address: **430 North Salisbury Street 3rd Floor**

City ***Raleigh***   State **NC**   Zip Code ***27603***

County Telephone Number **919-814-2000**

E-Mail Address (if known) **Myra.griffin@ic.nc.gov**

☐ Individual capacity  ■ Official capacity

Defendant No. 29

Name: **North Carolina Governor, Roy Cooper**

Job or Title (if known) **Governor**

Address: **2030 Mail Service Center**

City ***Raleigh***   State **NC**   Zip Code ***27603***

County Telephone Number **919-814-2000**

E-Mail Address (if known)

☐ Individual capacity  ■ Official capacity


Defendant No. 30

Name:  **North Carolina Secretary of State, Elaine F. Marshall**

Job or Title (if known) **Secretary**

Address **2 South Salisbury Street**

City ***Raleigh***   State **NC**   Zip Code ***27601-2903***

County Telephone Number **919-814-5400**

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity


Defendant No. 31

NAME: <u>North Carolina broad of Licensed General Contractor, Joel Macon</u>

Job or Title (if known) **Field Investigator**

Address **5400 Creedmoor Road**

City **_Raleigh_**  State **_NC_**  Zip Code **_27612_**

County Telephone Number **910-571-4183**

E-Mail Address (if known) **joelmacon@nclbgc.org**

☐ Individual capacity ■ Official capacity

Defendant No. 32

Name: **CBS, Steve Sbraccia**

Job or Title (if known) **Investigator News Report**

Address: **530 West 57ᵗʰ Street**

City **_New York_**  State **_NY_**  Zip Code **_10019_**

County Telephone Number **212-975-4321**

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity


Defendant No. 33

Name **CBS, Leslie Moonves**

Job or Title (if known) **President/CEO**

Address **530 West 57ᵗʰ Street**

City **_New York_**  State **_NY_**  Zip Code **_10019_**

County Telephone Number **212-975-4321**

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity

Defendant No. 34

Name: **Nexstar, Perry A. Sook**

Job or Title (if known) **CEO**

Address: **545 East John West Carpenter**

City: **_Irving_**    State **_TX_**    Zip Code **_75062_**

County Telephone Number **972-373-8800**

E-Mail Address (if known)

☐ Individual capacity ☒ Official capacity


Defendant No. 35

Name: **CARNESWARWICK LAW FIRM, Brittany Mixon, Reiner Smit, Jonathan A. Carnes, Tara D Warwick**

Job or Title (if known) **Attorney's**

Address: **555 Fayetteville Street Suite 300**

City **_Raleigh_** State **_Raleigh_**    Zip Code **_27601_**

County Telephone Number **901-307-9533**

E-Mail Address (if known)

☐ Individual capacity ☒ Official capacity


Defendant No. 36

Name: **North Carolina Bar Association, Jason M. Hensley**

Job or Title (if known) **Executive Director**

Address **217 East Edenton Street**

City **_Raleigh_**    State **_NC_**    Zip Code **_27601_**

County Telephone Number **919-677-0561**

E-Mail Address (if known)

☐ Individual capacity ☒ Official capacity


Defendant No. 37

Name: DORMAKABA, **Maria Harkley**, **Katelynn Porter**, Vickie Inzerillo, Dan Dole

Job or Title (if known)

Address: **3208 Wellington Ct Suite 101**

City **Raleigh**   State **NC**   Zip Code **27615**

County Telephone Number: **919-381-0094**

E-MAIL ADDRESS (IF KNOWN): Vickie.inzerillo@domakaba.com

☐ Individual capacity  ■ Official capacity


Defendant No. 38

Name   **The Carolinian Newspaper**

Job or Title (if known) **Co-Owner**

Address **1504 New Bern Ave**

City **Raleigh**   State **NC** Zip Code **27610**

County Telephone Number **919-834-5558**

E-Mail Address (if known) **info@caro.news**

☐ Individual capacity  ■ Official capacity


Defendant No. 39

Name **THE INSTITUTE ECONOMIC DEVELOPMENT, KEVIN J. PRICE**

Job or Title (if known) **President/CEO**

Address **114 West Parrish Street**

City **Durham**   State **NC**   Zip Code **27701**

County Telephone Number: **919-956-8889**

E-Mail Address (if known) **kprice@theinstitutenc.org**

☐ Individual capacity  ■ Official capacity


Defendant No. 40

Name: **THE INSTITUTE ECONOMIC DEVELOPMENT ALYSSA MAKO**

Job or Title (if known) **Project Director**

Address **114 West Parrish Street**

*City* **_Durham_** *State* **_NC_** *Zip Code* **_27701_**

County Telephone Number **919-956-2331**

E-Mail Address (if known) **amako@theinstitutenc.org**

☐ Individual capacity ■ Official capacity


Defendant No. 41

Name: THE INSTITUTE ECONOMIC DEVELOPMENT, **Brandon Lee**

Job or Title (if known) **Supplier for Professional Service Manager**

Address**114 West Parrish Street**

*City* **_Durham_** *State* **_NC_** *Zip Code* **_27701_**

County Telephone Number **919-956-8889**

E-Mail Address (if known) **blee@theinstitutenc.org**


☐ Individual capacity ■ Official capacity


Defendant No. 42

Name: THE INSTITUTE ECONOMIC DEVELOPMENT, TF CONGLETON

Job or Title (if known) **Senior Credit Officer**

Address **114 West Parrish Street**

*City* **_Durham_** *State* **_NC_** *Zip Code* **_27701_**

County Telephone Number **919-290-7282**

E-Mail Address (if known) **tcongleton@theinstitutenc.org**


☐ Individual capacity ■ Official capacity


Defendant No. 43

Name: THE INSTITUTE ECONOMIC DEVELOPMENT CARLOS MCCALL

Job or Title (if known) **Financial Technical**

Address **114 West Parrish Street**

City **_Durham_**   State **_NC_**   Zip Code **_27701_**

County Telephone Number: **919-290-7282**

E-Mail Address (if known) **cmcall@theinstitutenc.org**

☐ Individual capacity ■ Official capacity


Defendant No. 44

NAME:   Natural Capital Investment Fund, Inc (NCIF) TF Congleton

Job or Title (if known) **Senior Credit Officer**

Address **1098 Turner Road**

City **_Shepherdstown_**   State **_WV_** Zip Code **_25443_**

County Telephone Number **312-662-6092**

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity


Defendant No. 45

Name NATURAL CAPITAL INVESTMENT FUND, INC (NCIF) ANNA TEFFT

Job or Title (if known) **Senior Vice President &Director of Lending**

Address **1098 Turner Road**

City **_Shepherdstown_**   State **_WV_**   Zip Code **_25443_**

County Telephone Number

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity


Defendant No. 46

Name: **Bryant & Amy Edwards**

Job or Title (if known) **Codefendants**

Address: **1845 Bryn Mawr Drive**

City **_Fayetteville_**   State **NC**   Zip Code **_28304_**

County Telephone Number **910-748-0387**

E-Mail Address (if known)

■ Individual capacity ☐Official capacity


Defendant No. 47

NAME <u>PARKERS BUILDING SUPPLY, Grey Parks</u>

JOB OR TITLE (IF KNOWN) <u>PRESIDENT/ OWNER</u>

Address: **1001 South Reilly Road**

City **_Fayetteville_**   State **NC**   Zip Code **_28314_**

County Telephone Number **910-483-8194**

E-Mail Address (if known)

☐ Individual capacity ■Official capacity


Defendant No. 48

Name **A1 Supply Abby Ortiz**

Job or Title (if known) **Owner**

Address **638 Person Street**

City **_Fayetteville_**   State **NC**   Zip Code **_28301_**

County Telephone Number **910-323-3871**

E-MAIL ADDRESS (IF KNOWN)<u> ABBY@A1GREENSOULUTION.COM</u>

☐ Individual capacity ■Official capacity


Defendant No. 49

Name: **CAROLINAS AGC, Mike Austell**

JOB OR TITLE (IF KNOWN) <u>operation & Workforce Development</u>

Address: <u>4824 PARKWAY PLAZA BLVD. SUITE 115</u>

City **_Charlotte_**   State **NC**   Zip Code **_28217_**

County Telephone Number **704-372-1450**

E-Mail Address (if known) **Maustell@carolinasagc.org**

☐ Individual capacity ■ Official capacity


Defendant No. 50

Name **CAROLINAS AGC, Bill Stricker**

JOB OR TITLE (IF KNOWN) VP operation & Workforce Development

Address 4824 PARKWAY PLAZA BLVD. SUITE 115

City **Charlotte**     State **NC**    Zip Code **28217**

County Telephone Number **704-372-1450 Ext 5213**

E-MAIL ADDRESS (IF KNOWN) BSTICKER@CAROLINASAGC.ORG


☐ Individual capacity ■ Official capacity


Defendant No. 51

Name: **U.S. Department of Transportation Shelby M. Scales**

Job or Title (if known) **Director of Small and Disadvantages Business**

Address **1200 New Jersey Avenue, SE**

City **Washington** State **DC**    Zip Code **20590**

County Telephone Number **202-366-1930**

E-Mail Address (if known) **dot-osdbu@dot.gov**

☐ Individual capacity ■ Official capacity


Defendant No. 52

Name: **U.S. Department of Transportation Darrin Brown**

Job or Title (if known) **Director of Small and Disadvantages Business**

Address **1200 New Jersey Avenue, SE**

City **Washington**    State **DC**    Zip Code **20590**

County Telephone Number **202-366-1930**

E-Mail Address (if known) **dot-osdbu@dot.gov**

☐ Individual capacity ■ Official capacity

Defendant No. 53

Name: **North Carolina Department of Commerce Machelle A. Sanders**

Job or Title (if known) **Secretary**

Address **301 North Wilmington Street**

City **Raleigh** State **NC** Zip Code **27601-1058**

County Telephone Number **919814-4600**

E-Mail Address (if known) Machelle. **sanders@commerce.nc.gov**

☐ Individual capacity ■ Official capacity

Defendant No. 54

Name: **Martin Architectural Products, Scott Strickland**

Job or Title (if known)

Address **511 East Chatham Street**

City **Cary** State **NC** Zip Code **27511**

County Telephone Number **919-622-6487**

E-Mail Address (if known) sstrickland@mapdoors.diz

☐ Individual capacity ■ Official capacity

Defendant No. 55

Name: **Smith-Congleton Hardware Charlie Congleton**

Job or Title (if known) **Owner**

Address **610 Hwy. 54, W.**

City **Chapel Hill** State **NC** Zip Code **27516**

County Telephone Number **919-968-4021**

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity

Defendant No. 56

Name: **Stephenson Millworks Company**

Job or Title (if known)

Address: **210 Harper Street NE**

City **Wilson** State **NC** Zip Code **27893**

County Telephone Number **252-237-1141**

E-Mail Address (if known)

☐ Individual capacity ◼ Official capacity

Defendant No. 57

Name: **Stephenson Millworks Company**

Job or Title (if known)

Address: **210 Harper Street NE**

City **Wilson** State **NC** Zip Code **27893**

County Telephone Number **252-237-1141**

E-Mail Address (if known)

☐ Individual capacity ◼ Official capacity

Defendant No. 58

Name: **Burgess Sale & Supply Tracy A Burgess**

Job or Title (if known) **Owner /Vice President**

Address: **2121 West Morehead Street**

City **Charlotte** State **NC** Zip Code **28208**

County Telephone Number **919-469-9661**

E-Mail Address (if known)

☐ Individual capacity ◼ Official capacity

Defendant No. 59

Name: **North Carolina Employment Security Pryor Gibson**

Job or Title (if known) **Assistant Secretary**

Address: **301 North Wilmington Street**

City **Raleigh** State **NC** Zip Code **27601**

County Telephone Number **919-814-4600**

E-Mail Address (if known)

        ☐ Individual capacity ■ Official capacity


Defendant No. 60

Name: **Vivint Headquarters David Bywater**

Job or Title (if known) **CEO**

Address: **4931 North 300 West**

City **Provo** State **UT** Zip Code **84604**

County Telephone Number **801-377-9111**

E-Mail Address (if known)

        ☐ Individual capacity ■ Official capacity


Defendant No. 61

Name: **Accurrence Insurance II Kelly Bunce**

Job or Title (if known) **Representative/Insurance agent**

Address: **5924 Cliffdale Road Suite 120**

City **Fayetteville** State **NC** Zip Code **28314**

County Telephone Number **910-487-5050**

E-Mail Address (if known) **acc2ins@gmail.com**

        ☐ Individual capacity ■ Official capacity


Defendant No. 62

Name: **City of Fayetteville Mitch Colvin**

Job or Title (if known) **Mayor**

Address: **433 Hay Street**

City *Fayetteville* State **NC** Zip Code **28301**

County Telephone Number **910-433-1992**

E-Mail Address (if known) **mitchcolvin@fayettevillenc.gov**

☐ Individual capacity ■ Official capacity


Defendant No. 63

Name: **Anthony Bannerman**

Job or Title (if known) **Ex-Boyfriend**

Address: **1936 Brawley Ave**

City *Fayetteville* State **NC** Zip Code **28312**

County Telephone Number **910-875-9071**

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity


Defendant No. 64

Name: **Richard Fox**

Job or Title (if known) **Ex- Attorney**

Address: **1412 North Bragg Blvd**

City *Fayetteville* State **NC** Zip Code **28305**

County Telephone Number **910-988-4263**

E-Mail Address (if known)

☐ Individual capacity ■ Official capacity

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Defendants acted in their full capacity when denying plainiff equal protection under the color of law, deprived plaintiff the right to life, liberty, and property. Defendants also acted in their full capacity when deprived plaintiff her right to privacy and freedom of speech. Defendants acted in their full capacity when colluding against plaintiff, with Codefendants. See addtional documentation.

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      Where did the events giving rise to your claim(s) occur?
Due to the size of the claims please see additional documentation attached.

B.      What date and approximate time did the events giving rise to your claim(s) occur?
Do to the size of the claims please see additional documentation attached.

C.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Plaintiff Dineen Etienne owner of DBA Dee's Construction filed a complaint against North Carolina Department of Administration and its public governmental entities for abuse of power, mismanagement of funds, collusion and racketeering practices, public corruption. Plaintiff also secured a contact with the North Carolina Department of Public Safety, after securing the contact there are contact violations that turn into criminal activity, then organized crime. Officials acted in their full capacity, when conspired to cause injury, oppress, threaten and intimidate Plaintiff. Defendants have hindered and prevent Plaintiffs to freely exercise and enjoyment of their rights and privileges. Plaintiffs alleges that Defendants committed many offensives that included attempted murder, data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Due to the size of the claims please see additional documentation attached.

## DEFENDANTS NORTH CAROLINA OFFICE OF HISTORICAL OF UNDERUTILIZED BUSINESS Dennis English, Deputy Director-Tammy Hall

Plaintiff alleges that, Defendants North Carolina Department of Administration also known as the North Carolina Office of Historical Underutilized Business (NCHUB) Dennis English, Deputy Director-Tammy Hall officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

### Background information (allegations)

Plaintiff alleges that, Defendants Tammy Hall and NCDPS conspired to cause harm to prevent the Plaintiff Dineen Etienne by oppressing and to freely exercise her rights to opportunities within the DBE program. After plaintiff Dineen Etienne owner of DBA Dee's Construction filed complaints against the NCDOT and the HUB office in regards to the discrimination and retaliation. Plaintiff Dineen Etienne was excluded from participating in the 2018 disparity study in regards to the discriminatory practices within the programs in North Carolina. Which later was founded that the State of North Carolina by its own study that disparities by race, ethnicity, gender status of firms are founded, which would include DBE Dee's Construction. Tammy Hall, Director of the HUB, personally target Dineen Cherylann Etienne by excluding her from various programs opportunities like the outreach events within the program because she was one of the 23 firms that filed complaints against the HUB office and its relations the contract with the Institute, also because Plaintiff Dineen Etienne was the only one to publicly speak about the abuse of power, corruption, discrimination and mis-management of funds. Defendant Dennis English hindered and prevent Plaintiff Dineen Etienne from contracting opportunity with in the NC HUB Programs while servicing in office under the former McCrory Administration.

Dec 19, 2017 at a meeting with Defendants Michael Leach, Mrs. Cherry and Tammie Hall and Plaintiff Dineen advised Defendants in this meeting in defendant Michael's Leach office (Mr. Leach was appointed by Roy Coopers as the Public engagements officer). That after securing a contract with the NCDPS, that the findings will show collusion antitrust and public corruption. Mr. Leach asks Mrs. Hall to schedule a meeting with NCDPS. Mr. Leach" asked would Plaintiff (Dineen) be willing to have a meeting with NCDPS. "Plaintiff (Dineen) stated yes!

Jan 9 2018. When the meeting with, Plaintiff Dineen Etienne owner of Dee's Construction, and Defendants/codefendants Michael Leach, Tammy Hall, Robert Seals, Shawn Williams, Kim V. Ohaw, and contract and purchasing. Defendant Tammie Hall stated in the meeting that the meeting was about payment. Plaintiff Dineen interrupted and stated no this meeting is not only about payment but collusion, antitrust, abuse of power, and public corruption. Defendant Tammie, interrupted Plaintiff Dineen and

proceeded to ask Defendant NCDPS "when did Dee's Construction complete project?" codefendant Mr. Seals began to speak and when ask clarification from Shawn William on when Plaintiff completed the project. Defendant Mr. Williams state that Dee's Construction completed the project right before Thanksgiving 2017 to Defendant NCDPS satisfaction. Defendant Tammie Hall went around the table and asks if anyone had anything to say before "Defendant Tammie Hall let Plaintiff Dineen speak"!

**If the project was completed right before Thanksgiving November of 2017, then why did Defendants NCDPS Shawn William order materials from Plaintiff Dineen owner of DBA Dee's Construction supplier/codefendant Abby at A-1 supply on or around Dec 19, 2017 and delivered on Dec 20, 2017 to the Samarcand Training NCDPS. Also, Defendants NCDPS training for the system upgrade with Dormabaka was not done until after Dec 7, 2017. Plaintiff also alleges that NCDPS may have ordered additional materials in Plaintiff Dineen owner of Dee's Construction business name without Plaintiffs knowledge.**

Plaintiff Dineen addressed defendant Mr. Leach and advised him if he does not hold Defendants NCDPS accountable for their actions on this project! That Plaintiff will hold everyone accountable sitting in this office.! Codefendant Mr. Leach looked at defendant Mr. Seal and asks if they can conduct an investigation of what transpired on this project. Mr. Leach stated to Plaintiff (Dineen Etienne) this seem as if you are speaking legal terms and we would need to adjourn this meeting! Defendants/Codefendants Mr. Leach requested that defendant NCDPS stay and thanked Plaintiff Dineen and friend Kelly Bounce at the time for coming.

Plaintiff Dineen alleges that Defendant/Codefendants HUB, Office of Administration, CBS and its affiliates Nexstar contacted the Plaintiff's Dineen, codefendant ex- boyfriend Anthony Batterman to fabricate a story about Plaintiff Dineen as if Plaintiff Dineen was going around borrowing money from a military-veterans and not returning the money. Codefendant Mr. Batterman also went on to say on national news television and fabricate about the amount giving to Plaintiff in the amount of 10,000.00 which the amount giving to Plaintiff Dineen, the amount of $5,000.00 with signed agreement of being a silent partner in the business, like one other silent partner in the business Dr. Mike Radnothy. Which both later stated that they no longer would like to be silent partners in the business because all of the problems that were occurring on the project. Plaintiff Dineen was also informed that codefendants CBS, and its affiliated Nexstar along with the defendants/codefendants with the North Carolina Department of Administration contacted Plaintiff's clients of DBA Dee's Construction in regards to Plaintiff Dineen Etienne home renovation projects. Client/Dr. of Plaintiff, Dr. Mike Louis Radnothy and his wife Mrs. Radnothy to speak negatively about Plaintiff Dineen, when Plaintiff Dineen return the $10,000.00 to Dr. Radnothy, because he was a silent partner to Plaintiff Dineen owner Dee's Construction business, just as well as Anthony Batterman. Dr. Mike Louis Radnothy wanted to go in business with Dineen Etienne because he was so intrigue by Plaintiffs Dineen Etienne skills of being a welder, when reviewing her medical chart. Dr. Mike Louis Radnothy was Plaintiffs' primary care doctor at the Joel clinic on Ft. Bragg military base when plaintiff was married to Eugene Etienne. Defendants and codefendants HUB, Office of Administration, CBS and its affiliates Nexstar and their employee Steve Sbraccia newscaster of Channel 11 news, also contacted codefendants Bryant and Amy Edwards that also fabricate a story on work done on their home, and Plaintiff Dineen filed a lawsuit for balance owing for the project and codefendant Amy Edwards assaulted Plaintiff Dineen while plaintiff Dineen was doing the renovation on Defendants Edwards home. Which was later resolved and an agreement with no phone calls, email, social media, no personal contact if Plaintiff agrees to drop the charges on case number 17CR050598, agreement is signed on May 01, 2017 Which the codefendants/defendants Edwards violated the agreement when speaking with codefendants CBS channel 11 news reporter Steve Sbraccia.

Codefendants Bryant Edwards signed and affidavit of his statement for Defendants North Carolina Contractors Board of licensing to the amount paid to Plaintiffs Dineen DBA Dee's Construction along with other fabricated information.

Plaintiff Dineen had to borrow money from people in order to complete the project, do to the fact there are many barriers and racial disparities within the SBA and bank lenders.

## DEFENDANT NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, Benny Sloan, Darrin Brown, Alyssa Mako

Plaintiff alleges that the Defendant/codefendants of the North Carolina Department of Transportation (NCDOT) Benny Sloan officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

**Background information (allegations)**

**Plaintiff alleges that Defendants NCDOT discriminated against Plaintiff on or around March 17, 2017. Plaintiff transmitted a complaint via email to Defendants/codefendants Darren Brown of** the Federal Highway office of civil rights. In the complaint the Plaintiff alleges that the NCDOT office discriminated against Plaintiff Dineen Etienne because she is a black female welder in the construction trade. When Plaintiff Dineen completed the application for the DBE certification and sent in and hand delivered application for DBE certification. The NCDOT office mishandle Plaintiff personal information with a third-party consulting firm, Plaintiff personal information intel copies of Plaintiff: tax information, social security card, birth certificate, military ID, driver's license, address, phone number without Plaintiff knowledge of third-party involvement. Defendants NCDOT Benny Sloan delay the processing of the DBE certification in order to prevent Plaintiff from having opportunities within the NCDOT programs. Plaintiff Dineen Etienne also filed a complaint of abuse of power and mismanagement of funds. Plaintiff also alleges that the NCDOT and North Carolina association for General Contractors (NCAGC) program, Co-Defendants AG office, and the Federal Highway Administration conspired to oppress, threaten, intimidate, prevent Plaintiff DBA Dee's Construction owner Dineen Etienne by ignoring the complaint and proceeded to retaliate against Plaintiffs Dineen Etienne and Plaintiffs family members. Defendants of the FHWA sent a letter to Plaintiff Dineen advising Plaintiff Dineen that the issue was resolved. Plaintiff Dineen has addressed several issues with the NCDOT, and they have yet to be resolved.

Plaintiff Dineen DBA Dee's Construction alleges the Defendant Benny Sloan came to Plaintiffs home under other circumstances, because when Plaintiff Dineen asked Defendant Benny Sloan where the documentation was, and asked to look in the binder to see where plaintiff Dineen DBA Dee's

Construction application and supporting documentation supplied to the Defendants NCDOT office. When Defendant Benny Sloan open the binder there was only one piece of paper in the binder of Plaintiff's Dineen Etienne 2016 tax return. Plaintiff advised Defendant Benny Sloan to leave Plaintiff's home and told Defendant Sloan that she is tired of the State of North Carolina playing games, and hindering black women from opportunities of doing business within North Carolina programs.

Plaintiff filed several complaints dated March 17, 2017 and did not get a response from Defendants of the FHWA North Carolina until Plaintiff Dineen followed up with phone calls and email a around a year later on and its response to status of complaints. Plaintiff Dineen Etienne Owner of Dee's Handywoman service (DBA) Dee' s Construction LLC. This is a formal complaint for discrimination within Defendants NC Department of Transportation. Plaintiff requested that defendant FHWA investigate allegations and take appropriate action to stop it or remedy it. Plaintiff at that time alleges discrimination within the NCDOT DBE program. On March 10, 2016, Plaintiff Dineen Etienne filled out DBE NCDOT application for prequalification and mailed application and all supporting documentation by certified mail.

On March 14, 2016, at 13:15 pm, Plaintiff Dineen received email from the prequalification division stating the NCDOT has received Plaintiffs application and is in review now!

On March 29, 2016, Plaintiff Dineen received an email and not a letter in the mail advising Plaintiff Dineen that Plaintiffs application was not approved with NCDOT because of Plaintiffs past work experience does not qualify Plaintiff's firm (DBA Dee's Construction) to become an approved subcontractor with the NCDOT.

On Nov 23, 2016 Plaintiff Dineen spoke with Kenneth Johnson about DBE certification, Kenneth state she would call and find out what was going on in regards to Plaintiff's DBE application with NCDOT. And get back with Plaintiff Dineen Etienne! Later, on that day Mrs. Johnson called Plaintiff Dineen back and advised Plaintiff Dineen that defendant Kelsie Ballance advised Kenneth that Plaintiff's application was send back to Plaintiff, because there were missing documents from Plaintiff's DBE application. Plaintiff ask Ms. Johnson when did they send the documentation back?

Again, Mrs. Johnson, called Defendant Kelsie back! The conversation that Defendants NCDOT Kelsie and Mrs. Johnson had led plaintiff to believe that Defendant Kelsie had advised, Mrs. Johnson of the information that Plaintiff's application was send back to Plaintiff Dineen. Only after Mrs. Johnson, made phone calls to NCDOT Defendants would have just let Plaintiff application/information just sit there! Defendants Kelsie Ballance send Mrs. Johnson by via email an untraceable USPS tracking number of 70082810000012074192. Plaintiff never received that package! So, Plaintiff alleges that this is clear act of discrimination and acts of oppression.

Plaintiff advised Mrs. Johnson that Plaintiff Dineen had a copy of the application that Plaintiff Dineen can send over to NCDOT. Ms. Johnson ask if Plaintiff Dineen would make a copy and send the application to her. Mrs. Johnson stated that she would personally walk application over to the NCDOT civil rights office of DBE certification.

On Dec 19, 2016 Plaintiff Dineen received email from defendants NCDOT Kelsie Ballance stating that Mrs. Johnson delivered the missing documentation for my DBE application on Dec 9, 2016. And that defendant Kelsie should be able to review everything over the next few weeks. Hopefully, can schedule an onsite interview by the end of January or early February 2017 and here we are at the beginning of March 2017. Plaintiff Dineen, called Kelsie several times at 919-508-1941. No response! Plaintiff Dineen called Mrs. Johnson and advised her that Plaintiff Dineen has not heard anything from NCDOT.

On Fed 14,2017 Plaintiff contacted defendant Mr. Brown with the Federal highway DOT in Washington DC defendant Brown advised Plaintiff Dineen that he would personally leave a message for defendant Benny Sloan defendants at the NCDOT office and have then to call Plaintiff Dineen. Defendant Brown also advise Plaintiff Dineen if Plaintiff did not hear from anyone by the end of the week, to call Defendant Brown back.

Plaintiff did not receive a call back on Feb 27, 2017 and left a message with Defendant Mr. Brown and defendant Brown did return call and advised Plaintiff Dineen to get Plaintiff's information and email him at Darren.brown@dot.gov. Plaintiff Dineen expressed that Plaintiff Dineen would appreciate the opportunity to meet with him, so we could discuss this situation and how it can be addressed.

On March 8th Plaintiff received a call from Defendant Benny Sloan advising Plaintiff Dineen that Defendant's NCDOT office just received plaintiff DBE application and that a lady by the name of Bridget no last name given, and stated that she would be calling Plaintiff Dineen next week and set time to do Plaintiff's site visit.

During this time, Plaintiff Dineen had already contacted the office of civil rights in DC. Washington office, and was ask to write a formal complaint to the department of civil rights in Washington DC and Plaintiff Dineen did so on March 10 2017.

On March 17 2017, Plaintiff Dineen received an email, not a phone call at 6pm on Friday night advising Plaintiff Dineen that Plaintiffs application is incomplete. Plaintiff Dineen personally drove to Raleigh and took Ms. Johnson a copy of Plaintiffs application. With every last piece of supporting documentation. And received an email that Defendant's Benny Sloan NCDOT received all documentation and that someone would be contacting Plaintiff at the end of January or beginning February 2017. Now were in March 17,2017. Yet more retaliation for filing a complaint. Instead, Defendants Sloan send Plaintiffs Dineen personal information to a consultant firm without plaintiff's Dineen authorization!

Under NCDOT regulations, a certifying agency must make a determination on the application within 90-days of receiving all information necessary to make a determination. As such, in cases where the ANC firm requests that the certifying agency obtain a size determination from the SBA, the certifying agency's 90-day period of time will not begin until it receives such determination from the SBA

**Background information (New allegations)**

Plaintiff Dineen alleges that the defendants/codefendants in FHWA office, on Dec 3, 2021 threaten and intimidate by advising Plaintiff not to return to the Department of Justice/FHWA. Plaintiff was there at the Washington DC Headquarters office to follow-up on complaints filed in the past and present of the discrimination that continues to occur within the administration. Plaintiff wanted to talk with a supervisor within the administration to file new complaint. But Defendant FHWA advised Plaintiff Dineen Etienne if is to return Plaintiff Dineen would be trespassing.

Plaintiff Dineen also alleges that the defendants/codefendants of the Department of Administration changed Plaintiff business address in the NCDOT/HUB data base to hinder, oppress Plaintiff's opportunities within North Carolina DBE/NCDOT programs. Defendants/codefendants discriminated against Plaintiff Dineen Etienne.

**Defendants Small Business Administration, David Dubois/Loan Specialist, Cynthia Pope/National Ombudsman**

**Background information (allegations)**

Plaintiff alleges that the Defendant and codefendants of the Small Business Administration (NCSBA) David Dubois/Loan Specialist, Cynthia Pope/National Ombudsman, officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO.
Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

Plaintiff alleges that the Defendants employees prevent the Plaintiff Dineen owner of DBA Dee's Construction the same opportunities as a non-minority firm with in the Small Business Administration. On or around March 20, 2017 Plaintiff Dineen Etienne applied for an SBA loan with Defendants of the NCSBA, for the contract that Plaintiff's business DBA Dee's Construction secured with the defendants North Carolina Department of Public Safety on March 06, 2017. After Plaintiff Dineen applied for the loan. NCSBA employee ran Plaintiff Dineen Etienne credit three time in a two-day time span, in order to diminish Plaintiffs credit score. Which would make Plaintiff Dineen unable to receive any type of loan with a low credit score. And the defendants SBA did not stop there either! When Plaintiff Dineen filed a title 6 complaint back in April of 2021 for the most recent discriminatory behavior the defendants SBA has yet to respond. The things that are going on here are unethical and there needs to be accountability.

**Background information (New allegations)**

On March 9, 2020 Plaintiff Dineen Etienne filed of the EIDL and alleges the Defendant and Codefendants conspired to exclude Plaintiff Dineen Etienne from any opportunities as it relates to Plaintiffs business DBA Dees Construction and other opportunities with in the state of North Carolina because Plaintiff is a whistleblower. It was not until Plaintiff Dineen filed a complaint with the office of civil rights (file #46100-JXB) and the criminal section (file #045978-SPH) when Plaintiff Dineen got a response from the SBA a year later. After Plaintiff received 58,200.00, then requesting for loan increase defendant Dubois gave Plaintiff Dineen Etienne additional requirements because DBA Dee's Construction, is a black woman and minority firm. Plaintiff, is required to get additional insurance and Plaintiff did everything in her power to get the additional insurance. When Plaintiff Dineen got the insurance was told by defendant David Dubois that the general liability insurance is not excepted, but after Plaintiff Dineen further research found that under the federal requirements it is excepted. It was not until Plaintiff filed a complaint with the office of civil rights and cc: Defendant David Dubois on the email. Defendant emailed Plaintiff Dineen and advised her that after talking with his supervisor that defendants SBA was excepting the insurance and to complete the information on the EIDL portable. Defendants SBA employee's behavior did not stop there, when going on to the SBA website Plaintiff found that she could not complete the process because that information was not available to complete. Plaintiff contacted the National Ombudsman office and received a call back from Defendants advising Plaintiff that she would need to

contact support team. After getting off the phone with defendants/codefendants Plaintiff was able to complete the application, but once Plaintiff completed the application Plaintiff found that Plaintiffs account number for the bank had been changed in the SBA portal, which this would in turn return the monies if the account information was incorrect.

**Plaintiff Dineen contacted the SBA office in regards to being ostracized from the paycheck protection program**

On Dec 3, 2021, Plaintiff contacted the defendant SBA acting national ombudsman in regards to the ongoing discriminatory practices within the SBA cares act. Plaintiff applied for the PPP program long before funds were exhausted or the program expired date on May 31, 2021. The Plaintiff contacted defendants Lendio on May 26, 2021 in regards to Plaintiff's PPP loan application that was filed on March 9, 2021 to the retaliation of the defendants/codefendants conspiring to exclude Plaintiff Dineen DBA Dee's Construction from the PPP loan program. Defendants Lendio employees Jennie Olson and Taina Montes send back a response advising plaintiff that every lender request different documentation as it relates to the PPP loan process. Which under the federal guidelines to underwriters as explained in the PPP interim final rule that Defendants will need **to confirm receipt of borrower certifications; confirm receipt of information demonstrating that a borrower had employees for whom the borrower paid salaries and payroll taxes on or around February 15, 2020; confirm the dollar amount of average monthly payroll costs; and follow applicable Bank Secrecy Act requirements. Lenders are permitted to rely on borrower certifications and representations as explained in the PPP Interim Final Rule and FAQ guidance.** And all documentation as it relates to the cares act shall be the same. Plaintiff will show that the Defendants/codefendants conspire to discriminate against Plaintiffs DBA Dee's Construction because the owner Plaintiff Dineen Etienne is a black owned business and a female in the construction trade. Plaintiff is also a whistle- blower in regards to the Defendants North Carolina Department of Administration (NCDOA) in its abuse of power, collusion, corruption, their pay to play system and its systemic racism. On June 10, 2021 defendants Lendio employee Taina contacted Plaintiff by via text message advising Plaintiff that Defendants of the SBA indicated that Plaintiff may have already received the first draw of the PPP loan. Defendant Taina advised Plaintiff in the same text message that Plaintiff Dineen would need to contact to SBA at 800-827-5722. Plaintiff made to call to Plaintiff of SBA and was told to contact the defendants/codefendants Lendio. When Plaintiff contact Defendant Taina at Lendio again Plaintiff ask about the account number the money was sent to. Plaintiff was never provided an approval number nor a response in regards to the loan application. Defendants Lendio continued to play games with Plaintiff Dineen Etienne on the phone and state that their office referred Plaintiff over to the SBA lender service provider and the North Carolina SBA. Secondly, defendants/codefendants of SBA and the North Carolina Department of Administration employees continued to retaliate and would not approve Plaintiffs application for PPP loan and would not assign a number to Plaintiff because plaintiff filed complaints against North Carolina. On or around April 10, 2021, Plaintiff assisted two Caucasian friends of Plaintiffs in applying for the PPP loan and they both received their loan number and the amount of the loan on April 20, 2021. And then received the funds the next day. Plaintiff advised defendants Lendio rep Taina, that defendant were discriminating against Plaintiff because Plaintiff is African American. Defendant Taina stated, "that we have no idea what color you are"! Plaintiff advised defendant Taina that defendant's does know what nationality Plaintiff is. Because defendants have, a copy of Plaintiffs driver license which clearly shows that Plaintiff Dineen is African American.

**Plaintiff Dineen contacted the SBA office in regards to being ostracized from the paycheck protection program and the EIDL**

On December 18, 2021, at 8:40 pm, Plaintiff found on a website, where firms can look up amount of money of EIDL loans and found that there are two loans in Dee's Handywomen Service LLC, DBA Dees Construction. If there are two loans in Dee's Handywomen Service LLC, DBA Dees Construction this is clearly (FRAUD)and needs to be investigated immediately. Plaintiff has been reporting to the SBA ombudsman that there is a great possibility the employees of the defendants within the SBA, that may be involved in the fraud amongst other things. On December 3, 2021, at around 1:15pm, at the SBA office in Washington DC Plaintiff requested that security contact the Washington DC police, so that Plaintiff can file a police report. But instead, defendant's SBA employee called the transit police in order to get Plaintiff's vehicle towed away. Clearly, there is possibility defendants of the SBA employees are involved with criminal activity, and might shed light on all the issues that the Plaintiff has had with the SBA Loan programs and obtaining additional funds. Plaintiff requested the help of the SBA Defendants help to resolving the manners, because when Plaintiff contacted the SBA, it is very clear Plaintiff was not speaking with the SBA rep directly because Plaintiff, recently found out that Plaintiff's phone calls were being rerouted to another number. These actor/criminals were responding to Plaintiff as if they were the SBA, FBI, DOJ, etc. Plaintiff has all recording and supporting documentations that Plaintiff would like to provide to the court.

Plaintiff alleges that after contacting Cynthia Pope on January 6, 2022 in regards to the retaliation of SBA employees and the discrimination that Plaintiff endured since that cares act went in to effect in 2020. Plaintiff Dineen also addresses the filings title 6 and title 9 complaints filed against the SBA and that Plaintiff has yet to get a response as of May 16, 2022. Plaintiff is aware of the Defendants SBA Cynthia Pope as the officer of Case management specialist of the national ombudsman office is to assists small businesses facing unfair or excessive federal regulatory compliance and or enforcement issues such as repetitive audits or investigation, excessive fines and retaliation. Plaintiff, addressed alleges of retaliation of SBA employees. Defendants and codefendants conspired to hinder Plaintiff from the filings of the title 6 and title 9 complaints and Defendant Cynthia Pope shifted the responsibilities over to the office of diversity, inclusion & civil rights, which defendants' office have failed to respond to Plaintiffs filings of the title 6 and title 9 complaints.

**UPDATED INFORMATION OF ON-GOING RETALIATION SBA (12/12/2021-NOW)**

**DEFENDANTS NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, Shawn William, Roberts Seal, Matt Wells, Kim Owah, Williams N. Stovall**

Plaintiffs, alleges that the Defendant/codefendants of the North Carolina Department of Public Safety, (NCDPS) North Carolina Department of Historical Underutilized Business, Tammy Hall and NCDPS and its employees Shawn William, Roberts Seal, Matt Wells, Kim Owah, Williams N. Stovall officials acted in their full capacity, when conspired to cause injury, oppress, threaten and intimidate Plaintiff. North Carolina Department of Public Safety and its employees conspired with Corporations: Dormakaba, Martin Architectural Products, Parks supply, Stephenson Millwork company, Burgess Sale & Supply, A1 supply, Smith-Congleton hardware, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights.
Defendants/codefendants deprived Plaintiff her civil rights under the color of law,
Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment.
Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles

and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

On March 6, 2017, Plaintiff Dineen owner of Dee's Construction secured a contract with the Defendants of the North Carolina Department of Public Safety (**contract number C10945) (Job order number 3651-I-136).** After signing the contract, Plaintiff Dineen received a call from codefendants Scott Strickland with Martin Architectural Product asking Plaintiff to go into the pre-construction meeting tomorrow and tell Defendants North Carolina Department of Public Safety that Plaintiff Dineen messed up on her numbers when bidding and of course that was not going to happen! Before the call was disconnected, Plaintiff heard someone say see how dumb those niggers are! So, when Plaintiff went into the meeting the next day, Plaintiff saw that codefendant Scott Strickland was in the meeting, (this was the Plaintiffs first sign of red flags) and as soon as the meeting started defendant Shawn William asked if Plaintiff Dineen was happy with her numbers. Plaintiff Dineen told defendant/codefendant Shawn yes, and Plaintiff could see out of Plaintiff's peripheral vision that codefendant Scott was not happy with plaintiffs Dineen response. The meeting continued and when it was over, Plaintiff Dineen stood up and looked at codefendant Scott and said to Scott next time hang up the phone because I heard everything you said! Codefendant Scott immediately got out of his chair and followed Plaintiff Dineen down the hall and said to Plaintiff "Dee "I am sorry about everything you heard!" "Plaintiff Dineen told codefendant Scott you are only sorry because your ass got caught," and Plaintiff got in vehicle and plaintiff was about the leave. There are so many violations as it relates to the contract Dee's Construction secured with North Carolina Department of Public Safety that the state violated its own policies and procedures.

After, signing the contract documents Plaintiff's Dineen owner of Dee's Construction realized that the contract documents were altered and did not get paid for the labor. (**Please see the following of the contract document**)

A.  Plaintiffs Dineen owner of DBA Dee's Construction shall furnish all labor, materials, tools, and equipment to perform all of the work.

B.  Plaintiff Dineen Etienne was threatened by Defendants Shawn Williams a NCDPS employee advised Plaintiff Dineen if Plaintiff backed out of the contract, that Plaintiff will be responsible for the entire contract and will be sued.

C.  Defendants Kim V. Owah, William N. Stovall, employee of NCDPS altered the contract documents.

1.  Change order abuse of change orders one, two, and three
2.  Due diligences as it relates to the contract (Labor, Final inspection, payments, changes of personnel from Defendants Project manager Matt Wells to new project manager Shawn William contract shall be revised when changes are made which the revised contract was never done. Department of public Safety shall not act as its own General Contractor,)
3.  State construction office responsibilities were to sign off on all change orders, Defendants Latif Kaid never signed off change orders one, two, three
4.  Middleman involvement (hardware) of defendants/codefendants
5.  Relevant procurement thresholds of $500,000 plus contract shall not be broken up
6.  Scheme unbalanced bidding includes manipulate line items bid prices that drastically increase later after contract awarded
7.  Project officials to avoid the Threshold (Complete project cost 10.5 million dollars)

8. Order material from plaintiff DBA Dee's Construction supplier without notification to Plaintiff's DBA Dee's Construction

9. Hidden interests (Defendant/ codefendants governmental officials, Suppliers) codefendant Dormabaka only supplier for locks

10. Known culture of corruption among project officials and inspectors of Defendant/codefendants

11. Sole Source awards (Defendant/codefendants Scott Strickland with Martin Architectural product long standing relationship)

12. Defendant/codefendants, Discrimination

13. Defendant/codefendants, Collusion

14. Defendant/codefendants, Retaliation

Defendant/codefendants of the Dept. of Administration and its public governmental entities is in violation of its own policies and procedures in accordance to the North Carolina State Construction manual and the NCSCO under the general provisions division of state construction. Plaintiff, Dineen Etienne owner of DBA Dee's Construction has filed a claim against the defendants North Carolina Department of Public Safety (NCDPS) in regards to the administration engaged in collusion, corruption, antitrust in relation to it contractual relationship with Plaintiff DBA Dee's Construction. Plaintiffs DBA Dee's Construction owner Dineen, also alleges judicial misconduct with codefendant of the Wake County superior court when employees alter and redacted Plaintiff's cases against the Defendant/codefendants. Also, with the misclassification of the contract as regards to goods and services vs. Construction Contract! Breaking up the package to avoid circumvent for construction contracts. With no compliance with the state statues, also no compliance at the State Construction Office standards and practices! The statement of facts outlines abuse of power and mismanagement of funds. The State procedures and general statues for inmate labor! Plaintiff's civil rights also to have been violated in this claim, which would hold the Defendant/codefendants Department of Public Safety accountable for their actions. The result of such behavior has caused Plaintiff's Dineen Etienne owner of DBA Dee's Construction significant financial hardship with suppliers and delays on the project. Furthermore, it has been determined that the Defendant/codefendants NCDPS and the state of North Carolina has a history of similar practices with regards to small minority owned businesses.

Plaintiff also alleges Dee's Construction experience in executing this project resulted in damages related to the following factors:

1. Malicious intent/ fraudulent practices

2. Imposing additional requirements

3. Untimely processing of payments

4. Cost resulting from design conflicts and errors

5. Bad faith act without written or follow-up

6. Deceptive trade practices

Procedure of letting of public contracts - Alternative competitive bidding methods: (a) Bidding Required. – No construction or repair work requiring the estimated expenditure of public money in an amount equal to or more than five hundred thousand dollars ($500,000) or purchase of apparatus, supplies, materials, or equipment requiring an estimated expenditure of public money in an amount equal to or more than ninety thousand dollars ($90,000) may be performed, nor may any contract be awarded therefore, by any board or governing body of the State, or of any institution of the State government, or of any political subdivision of the State, unless the provisions of this section are complied with; provided that The University of North Carolina and its constituent institutions may award contracts for construction or repair work that requires an estimated expenditure of less than five hundred thousand dollars ($500,000) without complying with the provisions of this section. For purchases of apparatus, supplies, materials, or equipment, the governing body of any political subdivision of the State may, subject to any restriction as to dollar amount, or other conditions that the governing body elects to impose, delegate to the manager, school superintendent, chief purchasing official, or other employee the authority to award contracts, reject bids, or advertise to receive bids on behalf of the unit. Any person to whom authority is delegated under this subsection shall comply with the requirements of this Article that would otherwise apply to the governing body.

Additionally, Plaintiff Dineen is confident, that Defendants NCDPS employee William Stovell, Director of Engineering and employees broke up the contract to circumvent the $500,000 thresholds and to avoid comply with the provision outlined in the March 2019 North Carolina State Construction Manual Section 601 Formal & informal. Which is outlined in the 2013 North Carolina State Construction Manual, this contract definitions: govern construction contracting for public work in North Carolina. The terms formal and informal are not clearly established in the statutes except to prescribe dollar limit classifications for public contracting and bidding. The total construction contracting value is used to determine if a project is informal or formal. The current threshold is $500,000, above which projects are formal, and below informal. This classification impacts how the project construction documents and contracts are written and organized as well as the method and procedures for bidding and award of a public project. A project may not be subdivided or phased with the purpose or the intent to evade the formal contract requirements which NCDPS violated is own policy when subdividing of this project. This project is total at 10.5 million dollars.

**Malicious intent/ fraudulent practices**

In addition, on this project, Plaintiff Dineen Etienne DBA Dee's Construction suffered monetary losses resulting from the apparent malicious intent (Fraudulent practices) and discrimination by Defendants NCDPS, and its employees, and codefendants Office of Historical Underutilized Businesses (HUB), the North Carolina Department of Administration and its public governmental entities employees.

The Defendants NCDPS promotes contracts, with codefendant DBE firms for the percentage for minority participation. However, it is apparent, and now is a reality. That Defendants NCDPS in correlation with the HUB office organization internally, and culture that allows and encourages the malicious abuse of authority when contracts with NCDPS involve small minority owned companies.

It may be difficult to determine that motivation for the unprofessional behavior of Defendants Tammy Hall. Plaintiff Dineen owner of DBA Dee's construction has clearly experienced biased relation with defendants and codefendants with regards to the North Carolina Department of Administration and its public governmental entities such as the NCDPS and HUB Office of Administration.

Defendants NCDPS malicious intent and abuse of authority occurred in several ways:

* Defendants NCDPS did not accept responsibility for project delays on their behalf, NCDPS communicated with codefendants suppliers of Plaintiff DBA Dee's Construction

* Outright inappropriate action by Defendants NCDPS

* Defendants NCDPS employees knowingly and recklessly mislead and or attempt to mislead of documentations of excessive change orders.

* Defendants Refused to produce pertinent records of final inspections.

* Act of omission by Defendants NCDPS state employee Shawn Williams contacting prior contractual relationship with codefendants Martin Architectural involvement of contract between Defendants NCDPS and Plaintiff Dineen Etienne owner of DBA Dee's Construction.

* Defendants NCDPS willfully and with blindness as to the truth or falsity of statements.

* Defendants NCDPS knowingly colluded with codefendants suppliers, vendors, manufacturers to sabotage project, and Defendants NCDPS ordered unknown materials on DBA Dee's Construction account with codefendant supplier Abby at A1 supply without Plaintiff Dineen Etienne owner of DBA Dee's Construction knowledge.

Defendants NCDPS conflicts were encountered, Defendants NCDPS and their employees, rather than follow proper policies and procedures, attempted to deflect responsibility back to Plaintiff DBA Dee's Construction to accommodate the resulting changes without proper documentation or compensation, (time or money). Furthermore, Defendants NCDPS and its employees were responsible for providing timely resolution of issues in writing like imposing additional requirements, untimely processing of payments, cost resulting from design conflicts and errors.

Plaintiff Dineen Etienne owner of Dee's Construction suffered many set-backs as a result to Defendants NCDPS communication with suppliers, vendors and manufacturers! Some issues are expected with any project in these situations the resolution of the conflicts encountered required significant time resolve without compensating Plaintiff Dineen Etienne owner of DBA Dee's Construction for the cost or time related to the delays, also has it relates to the prison labor there is a great possibility of the prisoners having a lawsuit in regards to the violations that have occurred regarding the contract.

On February 8, 2017, Plaintiff Dineen Etienne DBA Dee's Construction was the lowest responsive bidder for the project. Following the bid review process, DBA Dee's Construction was awarded the contract on March 6, 2017

The project is of Defendants North Carolina Department of Public Safety Project No. C10945 Job order: SCO #3651-I-136

The project scope of work consisted of the construction located at Hope Building at 3600 Samarcand Road, Eagle Springs, NC

The project scope also included some site improvements extension and demolition of existing building,

The North Carolina Department of Public Safety awarded Plaintiff Dineen Etienne DBA Dee's Construction a contract in the amount of $64,624.51 for performance of the work specified by the construction bid documents labor hours were bid at $124.52 hourly which would not include the final cost of the labor because unknown hours of labor, with regards to change orders and additional material.

Contract proposal (project manual) Defendants NCDPS project dated January 25, 2017

Construction Documents Drawing prepared by Defendants NCDPS issued on dated **December 5, 2017,** the drawing is labeled bid set dated January 12, 2017

Amendment -1- Dated 01/26/2017

Amendment - 2 -Dated 02/15/2017

The notice of awarded form Defendants NCDPS was issued on March 6, 2017

The notice to proceed from Defendant NCDPS to Plaintiffs DBA Dee's Construction was on March 6, 2017

April 5, 2017 Notification of notice to proceed for furnishing all materials and labor outlined in the scope of work and contract document under in formal contract agreement. The actual contract completion 60 days calendar days completion timeline begins.

Date if close out of meetings, no official notification received from Defendants NCDPS.

On or around the second week of February 2017, Defendants Scott from Martin Architectural called Plaintiff Dineen with Dee's Construction to advise, codefendant NCDPS tomorrow ("that Plaintiff Dineen messed up on the numbers"). If this had taken place the contract would have been pulled, then placed with the next lowest bidder! As the phone call was about to end codefendant Scott thought that codefendant a discontinued the call, but what Plaintiff heard next was very upsetting. Someone stated ('see how dumb those niggers are"), then Plaintiff heard laughter in the back ground. Plaintiff then disconnected the call!

March 10, 2017 Change Order Defendant NCDPS change order and specification for locks.

There are four change orders throughout this project that does not coincide with contract documentation change orders letters signed by Defendants Kim V. Owoh. In all three of the change orders will show an increase, not a decrease in the contract. As you will see in change order #1, it is an increase of $21,842.07. Not decrease as the letter states on June 22, 2017. Change order #2 it's an increase of $7,599.72 not a decrease as the letter states on June 22, 2017. This also happened on change order number three. This is deceptive trade practices. Employees knowingly and recklessly mislead and or attempt to mislead of documentations of excessive/unnecessary change orders.

On July 24, 2017, Defendant NCDPS Shawn Williams advised Plaintiff Dineen that the frame appeared to be insufficient, Defendant NCDPS Shawn stated that the plates on the frames for the doors were painted over, and also once they started to install the frame that the tack welds between the frames were ½ short and as a result they had to cut all the spreader of and build their own, and that it would cause a delay for installation process. Plaintiff Dineen did call supplier codefendants Charlie with Smith Congleton hardware and advised him that the frames plate with all the information in regards to the fire-resistant information was painted over and the spreader were cut to short. codefendant Charlie stated that he would need to contact the supplier other codefendants Stevenson Millworks and then call Plaintiff back. When Plaintiff Dineen did not receive a call back from Defendant Charlie. Plaintiff Dineen went to Lowes home improvement and purchase paint thinner and drove to Samarcand training academy and removed all the paint off the labels. Then Defendant Shawn Williams showed up and advised Plaintiff that Plaintiff Dineen need to stop! Plaintiff advised Defendants NCDPS Shawn that Plaintiff had removed all the paint off all the labels. This the second attempt to the deceptive trade practices

Oct 26 2017 2:51pm codefendant Abbey with A1 supply send Plaintiff Dineen an email indicating that Defendant NCDPS Shawn Williams had contacted Codefendants supplier (Dormakaba) known as KABA, and had given them a list of supplies that were not on the specification. Codefendants Abby, that she was forwarding the email over to Plaintiff. Plaintiff forward it over to Defendants NCDPS Shawn Williams and Plaintiff ask did we need everything on this list. Defendant NCDPS Shawn sent back a reply via email "We need the complete list." When contacting Defendants NCDPS Shawn Williams in regards to the email, this showed Plaintiff Dineen that the on-going communication with the suppliers and NCDPS was in fact true. This is another violation of the contract. And signs of deceptive trade practice, and collusion.

On Oct 11, 2017 Defendants NCDPS received Quantum Electrical locks ll RFID X GALA X MKO DBA Plaintiff Dineen owner of Dee's Construction delivered on 10/11/2017, out of 44 of the locks 3 of them were privacy locks L9040 03A L583 363. On Nov 7, 2017 Plaintiff Dineen owner DBA Dee's Construction received an email from Defendant NCDPS Shawn Williams indicated that the privacy locks were the wrong privacy locks. This is after the project manager Defendants NCDPS Shawn William signed and excepted all locks after reviewing them box by box. Plaintiff contacted Plaintiff supplier Abby at A1 supply, forwarding the email that was send from Defendants NCDPS Shawn Williams advising that the locks were wrong and needed to be replaced. Plaintiff Dineen informed Defendants NCDPS Shawn William, "that Plaintiff would be picking up the locks at Samarcand training academy the next day."

On Nov 8, 2017 Plaintiff Dineen Etienne picked up locks, once Plaintiff went in to pick up the locks. "Plaintiff stated to codefendant Dan "that these were not the locks that Plaintiff had delivered on 10/11/2017"! When, returning the locks back to codefendants A1 supply, supplier stated that the locks were damage and could not return. Plaintiff informed Defendant NCDPS Shawn that 2 out of the 3 locks could not be return. And Plaintiff Dineen was advised by Defendant NCDPS Shawn Williams to write up a separate invoice outside of the contract and that defendants NCDPS will pay for the locks. NCDPS, colluding with suppliers, vendors, manufacturers to sabotage project. The two locks were paid for on invoice 0000001 date of invoice 11/27/2017 in the amount of $1672.00 and restocking fee of $466.50 and the totaling amount of $2118.50. Defendant/codefendants recklessly misled Plaintiff Dineen DBA Dee's Construction.

When codefendant Abby with A1 supply addressed the issue of defendants NCDPS, Shawn Williams contacted codefendant suppliers (Dormakaba) without Plaintiff Dineen owner of Dee's Construction knowledge. Defendant Shawn Williams stated that he would never contact a supplier. Especially, another company such as codefendants Scott with Martin Architectural, that has nothing to do with the Plaintiffs DBA Dee's Construction's contract with Defendants NCDPS. As the courts will see from the copies of Plaintiff Dineen phone text messages that defendant NCDPS Shawn has communicated with codefendants Scott with Martin Architectural products in regards to text message advising plaintiff to contact Scott in regards to the locks. This is clearly middleman involvement.

Now, Defendant NCDPS Shawn wanted Plaintiff Dineen owner of DBA Dee's Construction to submit the following documentation: payment date 11/27/2017 and final payment together, because a lien waiver needs to be signed stating that Plaintiff DBA Dee's Construction as satisfied all obligation with all Defendant/codefendants suppliers. This is clearly not the case unless this was a supply contract. This is a construction contract.

On Dec 4, 2017, Plaintiff Dineen Etienne called Defendants NCDPS Shawn Williams to follow up with an email regarding the training date that was followed up by phone call for dates of training for upgrades

to system. After Plaintiff Dineen made several phone calls with Defendant Plaintiff Mr. Shawn Williams. To get ok from the Defendant owner of NCDPS project to except the scheduled training date or next training date would not be until February 2018. After, continuous communication with the codefendants supplier advised dormakaba that the dates, likely would not work, because Defendants NCDPS does not work on Fridays. Codefendants Dormakaba, was fully aware of, since the company has supplied locks to Defendants NCDPS prior to Plaintiff Dineen Etienne owner of DBA Dee's Construction contract with Defendants NCDPS. When Plaintiff Dineen Etienne owner of Dee's Construction did not receive a call back from Defendants NCDPS Shawn William. Plaintiff Dineen Etienne called Defendants NCDPS Mr. Williams repeatedly for an hour. Defendant Shawn did eventually call back that day and advised Plaintiff Dineen that the date was not feasible, and the owner was not willing to pay for overtime.

So, Plaintiff Dineen Etienne advised Defendant Shawn that Plaintiff Dineen was done with this Good Old Boy System, and that Plaintiff Dineen has already reported the issues that Plaintiff Dineen has been experiencing on this project to codefendants Governor's Roy Coopers office. Defendants NCDPS Shawn then ask Plaintiff Dineen Etienne "when did you do that? Plaintiff response (I reported the issues to the Governor Roy Coopers office) last week! Then, Defendants Shawn stated to Plaintiff "(Dee let me try to see what I can do to get a training date!) Literally, when Plaintiff got off the phone call with Defendants NCDPS Shawn William, after advising him that Plaintiff Dineen was going to expose their "good old boy system", on Dec 4, 2017 at 11:06 am. Then Plaintiff Dineen, received an email from the supplier that the training date is now scheduled for Dec 7, 2017 at 9 am. Plaintiffs alleges that Defendant/codefendants NCDPS committed collusion and racketeering practices.

Plaintiffs Dineen Etienne owner of DBA Dee's Construction requested documentation on 12/12/2017, of the training that took place on Dec 7, 2017 at 9am. To please provide sign in sheet of whom was trained by codefendants Dormabaka. That request has yet to be produced as of today.

On Dec 19, 2017, Plaintiff went to the codefendant's governor Roy Coopers office, to speak with Codefendants Michael Leach, Mrs. Cherry and Tammie Hall and advised them in this meeting in Michael's office. (Michael Leach is the public engagement officer for governor Roy Cooper) Plaintiff advised Codefendants, that after securing a contract with the Defendants NCDPS, that the findings will show collusion, antitrust, abuse of power and public corruption. Codefendants Mr. Leach asks Mrs. Hall to schedule a meeting with Defendants NCDPS. Mr. Leach" asked Plaintiff Dineen would Plaintiff be willing to have a meeting with Defendants NCDPS. "Plaintiff Dineen stated yes!

Codefendant Tammie Hall scheduled the meeting for Jan 9, 2018, in the meeting with, Plaintiff Dineen Etienne owner of DBA Dee's Construction, friend of Plaintiff Kelly Bounce, and Defendant/codefendants Michael Leach, Tammy Hall, Robert Seals, Shawn Williams, Kim V. Owoh, and contract and purchasing. codefendant Tammie Hall stated in the meeting that the meeting was about payment. Plaintiff interrupted and stated no this meeting is not just about payment but about collusion, antitrust, abuse of power, and public corruption. codefendant Tammie, interrupted Plaintiff Dineen and proceeded to ask Defendant NCDPS "when did Dee's Construction complete project?" Defendant Mr. Seals began to speak and when ask clarification from Shawn William on when Plaintiff completed the project. Defendant Mr. Williams state that Dee's Construction completed the project right before Thanksgiving 2017 to Defendant NCDPS satisfaction. Defendant Tammie Hall went around the table and asks if anyone had anything to say before "Defendant Tammie Hall let Plaintiff Dineen speak"!

**If the project was completed right before Thanksgiving November of 2017, then why did Defendants NCDPS Shawn William order materials from Plaintiff DBA Dee's Construction supplier defendant/codefendant Abby at A-1 supply on or around Dec 19, 2017 and delivered on**

**Dec 20, 2017 to the Samarcand Training NCDPS. Also, Defendants NCDPS training for the system upgrade with Dormabaka was not done until after Dec 2017 so there is no way that the project was complete right before Thanksgiving. Plaintiff also alleges that NCDPS may have ordered materials in Dee's Construction business name. codefendant Abbey also stated to Ms. Johnson of the HUB office that "someone from Defendants NCDPS "stated that Defendants NCDPS had fun making a fool of a black woman!"**

Plaintiff Dineen addressed codefendant Mr. Leach and advised codefendant Mr. Leach if he does not hold DPS accountable for their action on this project! That Plaintiff will hold everyone accountable sitting in this office.! Codefendant Mr. Leach looked at defendant Mr. Seal and asks if they can conduct an investigation of what transpired on this project. Defendant/codefendants Mr. Leach stated to Plaintiff (Dineen Etienne) this seem as if you are speaking legal terms and we would need to adjourn this meeting! Defendant/codefendants Mr. Leach requested that defendants NCDPS stay and thanked Plaintiff Dineen Etienne and codefendant Kelly Bounce for coming.

Plaintiff Dineen did not understand, how can the Defendants NCDPS investigate Defendants NCDPS?

On Dec 19, 2017, Meeting with Defendant/codefendants Michael Leach, Mrs. Sheryl Waters and Tammie Hall at governor's office. (Nothing was resolved)

On Jan 9, 2018, Meeting with Defendant/codefendants NCDPS Shawn Williams, Robert Seal, Kim V. Owoh, Dineen Etienne Owner of Dee's Construction, Michael Leach, Tammy Hall, contract and purchasing. (Nothing was resolved)

On June 8, 2018, Per via phone call Plaintiff Dineen advised Defendant/codefendants NCSCO Mr. Kaid, of the issues that occurred on the project. Co Defendants Mr. Kaid states to Plaintiff at that point that we need to have a come to Jesus' meeting with Defendants NCDPS.

On June 13 2018, Plaintiff contacted defendants NCSCO, Mr. Kaid in regards to the violations that occurred on the project, Defendants NCDPS. Defendant Mr. Kaid requested Plaintiff Dineen to forward a copy of contract and any other relevant documentation for examination.

On June 22 2018, Plaintiff Dineen Etienne emailed copies of contract and a Notice to proceed letter that was address from the Defendant's NCDPS instructing Plaintiffs DBA Dee's Construction, Dineen Etienne to proceed with submittals.

On June 27 2018, Defendants NCSCO, Mr. Kaid received an email from Plaintiff containing a letter addressed to Plaintiff with explanation of DBA Dee's Construction's contract where Plaintiff Dineen Etienne requested a mediation as outlined in NCGS 143-128(g). The email also contained copies of application of payment #3 with a balance to finish including retainage of $12,308.38. Also included in the email a quote from a vendor, three un-executed change orders, a one page of bid pricing with add alternates, Plaintiff Dee's Construction signed contract.

On July 2nd, 2018, Defendants, Mr. Kaid received an email from Plaintiff requesting information about the mediation process.

July 2nd, 2018, Defendants/codefendants NCSCO, Mr. Kaid replied to Plaintiff Dineen's email instructing that this project is complete. But Defendants NCDPS is still awaiting 3 documents (signed deduct Change Order, your final payment application, and Release of Liens) from Plaintiff in order to close this project. But Plaintiff Dineen Etienne DBA Dee's Construction is still awaiting (signed change orders of NCSCO Kaid signature, inspection from NCDOS and NCSCO, punch list, inspection, final

inspection, certificate of completion and FIOA request). And that codefendant Mr. Kaid have instructed Plaintiff complaint, that Plaintiffs case has been reverted to Defendants NCDPS General Counsel and stated the following in Codefendants Mr. Kaids' email "A mediation process can be agreed on between Plaintiff firm DBA Dee's Construction and the Defendants NCDPS if opt to go that route. A copy will also go to codefendants Ms. Tammie Hall with the HUB Office and Defendants NCDPS for their awareness of this email. Defendants NCSCO, Mr. Kaid ask if counsel is to contact the Defendants NCDPS General Counsel to arrange for a mediation meeting. If the mediation process is not chosen or is not successful, Plaintiff Dineen Etienne can file an informal claim first with our office as the next step in a dispute resolution".

- August 6th, 2018, Defendants/codefendants response NCSCO, Mr. Kaid "we had a meeting in my office and we reiterated the recommendations".

- August 9th, 2018, Defendants/codefendants response NCSCO, Mr. Kaid "I received an email from you requesting mediation with DPS. Even though we do not participate a mediation process, I agreed to start that process, time allowed".

- August 14th, 2018, Defendants/codefendants response NCSCO, Mr. Kaid "received 2 emails from you for a copy of the contract in 2 parts. This is the first time sent the complete copy of the contract with the General Conditions because the file was so large had to send in two parts."

- August 27th, 2018, Defendants/codefendants response NCSCO, Mr. Kaid "received an email from you requesting status about the mediation."

- August 27th, 2018, Defendants response NCSCO, Mr. Kaid responded with the following:" I have not forgotten you; we will try to have that meeting.

- Defendants/codefendants NCSCO, Mr. Kaid has been told that some legal counsel from Defendants NCDPS have been involved in this case. Knowing that, any further discussion between, Plaintiff firm DBA Dee's Construction owner Dineen Etienne, that Defendant NCDPS and NCSCO will have to contain legal presence from codefendants Attorney General Office. If your condition is not dire for an answer, please allow us to schedule a meeting with all required to attend. Defendant Mr. Kaid has many issues their office is currently handling including legal claims and we will examine your case in accordance with NC laws.

- August 28th, 2018: your email below

Response from Defendants/codefendants, NCSCO Mr. Kaid provided a timeline to the Defendants NCDPS and has been in contact and trying to seek information before

making any decisions. At the moment, a mediation time has not been set. Defendants NC DPS counsel advised that they would follow the contract and release Plaintiff's Dee's Construction retainage once you fulfill the requirement of your contract by providing the Affidavits required under Article 36 of the General Conditions. I do however, would like to setup a meeting with you to understand the path you want to take. The statute referenced in item #4 above reference the SBC rules and the general condition of the contract. To the present, I have not received a clear statement as to the exact content of your claim. I am available to discuss the details including the retainage, final payment, and if any, damages involved. The earliest time is Tuesday September 4th Morning only or Wednesday September 5th afternoon only.

- On 9/4/18 at 11:17 AM, Co Defendants NCSCO Mr. Kaid wrote:

  Ms. Etienne,

  I will see if someone from DPS can join us. See you tomorrow. If you have any questions, please let me know, thanks.

  On September 5, 2018 the matter was still unresolved to due DPS had legal counsel in the meeting. So, without having counsel in the room to represent Plaintiff Dineen Etienne, the meeting was over!

  August 8, 2019 contacted Mr. Kaid to advise him Plaintiff has counsel that would like to set a meeting for mediation.

  Received response to email from Mr. Kaid advising Plaintiff of availability for such meeting.

  The dates that were giving were August 29th or 30th. (Once retained counsel) DPS counsel and attorney General counsel will set up meeting.

On Tue, Aug 13, 2019 at 10:52 AM Bernier, James <jbernier@ncdoj.gov> wrote:

**Co Defendants of the Attorney General outline of what is due to DBA Dee's Construction**

Good morning, Attorney Hairston. I am with the AG's office and represent Mr. Kaid and the State Construction Office. It is my understanding that the referenced project was completed in November 2017. The costs and payments involved in this project were as follows:

| | | |
|---|---|---|
| Original Contract Sum: | | $64,624.51 |
| Change Order #1 | add | $21,842.07 |
| Change Order #2 | add | $7,599.72 |
| Change Order #3 | add | $3,371.21 |

| | | | |
|---|---|---|---|
| Change Order #4 | (deduct) | ($2,988.96) | Pending Dee's Construction Processing |
| | | | |
| Revised Contract Sum: | | $94,448.55 | |
| Payment #1 | | ($18,828.53) | |
| Payment #2 | | ($51,214.36) | |
| Payment #3 | | ($19,808.65) | |
| | | | |
| Remaining Contract Balance | | $4,597.01 | Pending Dee's Construction Final Billing |

Under the General Conditions of Contract and the applicable statutes and regulations, mandatory mediation is limited to claims that are $15,000 or more. Moreover, before mediation can be requested, the contractor must first submit the dispute to the designer of record (i.e., the entity or division that is administering the project) and the owner (DPS). This typically takes the form of a final payment application and claim. It's my understanding that Dee's Construction has not submitted a final application for payment or a final claim, and has not submitted the "Contractor's Affidavit" required under Art. 36.

If the final claim cannot be resolved with DPS, then Dee's Construction must seek assistance from the SCO, which takes the form of an informal meeting of the parties and a representative of the SCO. That representative would be the assistant director, Victor Stephenson, not Mr. Kaid. If it is still unresolved after the informal meeting, then the contractor must request mandatory mediation. If mediation fails or isn't applicable, then the contractor can submit a verified claim to the director. It is at that point that Mr. Kaid is involved. Of course, all claims submitted to the State or its agencies are subject to the NC False Claims Act. There is a deadline for submitting a verified claim and that deadline may have passed in this matter.

As to your email, and without waiving any deadlines, I don't believe that mandatory mediation applies to this matter. Your client and DPS are certainly free to engage in voluntary mediation. Either way, no one from the SCO acts as a mediator or is involved in the mediation. Rather, your client and DPS engage with a private mediator and bear the costs. If your client seeks an informal meeting rather than mediation at this point, then Victor Stephenson, the Assistant Director, would be willing to host the meeting. However, we don't know if Dee's Construction has submitted her dispute to DPS for resolution and received a denial thereof. That is a necessary prerequisite. Counsels are not involved in informal meeting. If they attend, they will not be allowed to participate.

Please let me know if Dee's construction has received a denial of her claim by DPS and provide a copy of the claim and denial; and let me know if Dee's Construction wants to proceed with an informal meeting at the SCO. If so, I will check on Victor's availability.

Best regards,

James


September 18, 2019 3:54 PM response from James Hairston

Mr. Bernier,

I'm circling back on this matter. It appears Dee's Construction ("DC") is caught in a legal quagmire. I'm advised that there has been no "final application for payment or final claim" which can be made by DC due to DPS's failure to submit to DC a "Letter of Completion". It is my understanding that is a

Necessary prerequisite to the request for final payment. It is further my understanding that Ms. Etienne, on behalf of DC, has made several requests for the same, to no avail. Consequently, it appears that the SCO's position is that there needs to be some resolution...and/or attempt to resolve this matter with the designer first, and that was is not successful, then DC must seek assistance from the SCO. Therefore, please advise as to who the legal counsel would be for DPS. I will make another attempt to resolve this matter amicably. However, it appears litigation is imminent.

DECREPANY ON AMOUNT OWED TO PLAINTIFF DBA DEE'S CONSTRUCTION OWNER DINEEN ETIENNE

September 06, 2018 at 9:26 AM was forward over to James Hairston Dee's Construction/Claimant (Dineen Etienne) requests the following sum of money for the **Remaining amount of the contractor as it stands now in the amount of $12,308.38**

**Plaintiffs Dineen owner of DBA Dee's Construction final payment outlined**

Additional change order for cost of disk and coordinating training date $ 4,241.09 (See attachment)

Additional change order labor hours $ 35,864.64 (See attachment)

| | | | |
|---|---|---|---|
| Original Contract Sum: | | $64,624.51 | |
| Change Order #1 | add | $21,842.07 | |
| Change Order #2 | add | $7,599.72 | |
| Change Order #3 | add | $3,371.21 | |
| Change Order #4 | (Add) | $4,241.09 | Pending DPS approval to change order #4 Processing |
| Change Order #5 | (Add) | $35,864.64 | Pending DPS approval to change order #5 Processing |
| Revised Contract Sum: | | $137,543,24 | |
| Payment #1 | | ($18,828.53) | |
| Payment #2 | | ($51,214.36) | |
| Payment #3 | | ($19,808.65) | |
| Remaining Contract Balance | | $47,691.70 | Pending Approval |

Co Defendants NCSCO Mr. Kaid

Ms. Etienne,

I am sorry yesterday' scheduled meeting was terminated very early soon after you learned DPS had legal presence and you were not prepared to have the same. Although this meeting was meant to be informal, my previous conversation, via email on July 2nd, instructed you to seek counsel to start the mediation

process since DPS counsels were already involved. And instructed you on August 27th, any future meetings with our office concerning your claim will have legal presence by us, DPS or both.

Please let us know at your earliest so to set up a new meeting once you have retained a lawyer. Please follow the steps stipulated in the NC General Statute 143-128(f1) and 143-135.26(11) for dispute resolution as required by your contract. If you have any questions concerning the procedures outlined in these statutes you can reach out to our office or to the HUB office for guidance. Mediations or Verified Claims submitted to our office will require legal presence.

For your information since you mentioned the scarcity of lawyers available to take on your case; pursuant to North Carolina law, the DPS Office of the General Counsel and the Attorney General's Office exclusively represent DPS. You should have more than ample options when it comes to hiring a private attorney.

If you have any questions, please let me know, thanks.

**DEFENDANTS NORTH CAROLINA STATE CONSTRUCTION OFFICE, LATIF KAID**

Plaintiff alleges that the Defendant and codefendants of the North Carolina State Construction Office (NCSCO) Latif Kaid, officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

**Background information (new allegation)**

On September 26, 2020, Plaintiff DBA Dee's Construction received Defendants/codefendants North Carolina State Construction office response to Plaintiffs Dee's Construction verified claim. The verified claim of the construction contract entered into on March 6, 2017 between Plaintiff Dineen owner of DBA Dee's Construction, the North Carolina Department of Public Safety and Central Engineering (Owner/General Contractor) for work related to the Samarcand Training Academy with a SCO ID # 13-10281-01 (Contract Number). The contract amount of $64,624.51 and date were to be completed within 60 days from the Notice to proceed. Which was not completed in 60 days, due to the interference of North Carolina of Public Safety and its third- party interference, and long-standing relationship with Martin Architectural Products. As it relates to the inspection, punch list, final inspection, walk-throughs were not completed in accordance to the contract documents article 25.

To the submitted documentations, of change orders number one (add of $21,842.07), second (add of $7,599.72) and third (add of $ 3,371.2) were in fact approved with these change orders the contract amount of $97,437.54. And as it relates to change order number four of the deduct $2,988.96, for the

system upgrade disc and training amount would not be a deduct. In the 4th change order since North Carolina of Public Safety received system upgrade disc and training on Dec 5, 2017. This would in fact be an increase of $7,585.97. To the additional remaining pending change order#4 (add in the amount of $4,241.09 for glass and additional material and change order number five in the amount of $35, 864.64 which is due to loss of labor and prisoners preforming work, that Plaintiff Dineen owner of DBA Dee's Construction was contracted to perform as of March 6, 2017. Which is in fact a contract violation. In this claim plaintiff Dineen owner of Dee's Construction also alleges contract violations of bad faith, fair dealing, deceptive trade practices, abuse of power, corruption, collusion, RICO and equal protection under the law. The defendant/codefendants North Carolina State Construction office and its administration fails to address the violation/breach of contract, in accordance to the State of North Carolina Construction law compendium (revised 2010).

Plaintiff alleges that Defendants North Carolina State Construction office Latif Kaid and its Administration fail to address the evidence of bad faith, fair dealing, deceptive trade practices and also violation of rights that Plaintiffs Dineen Etienne owner of Dee's Construction addressed to NCSCO in regards to the verified claim. The Defendants of the North Carolina State Construction office employee/defendant Latif Kaid is in violation of its own procedural process, in accordance to the State of North Carolina Construction law compendium (revised 2010). Defendants, of North Carolinas Department of Administration acknowledge that there are violations in the State of defendants/codefendants North Department of Administration, and Attorney General office and its business practice of minorities Construction Companies doing business in the state of North Carolina. The discrimination, retaliation, and abuse of power in its behavior is clear, since the Defendants North Carolina Department of Administration has recently changed, the State Construction manual, procurement manual and its process of the verified claim. This is a clear indication that the Defendants State of North Carolina is change the policies and procedure to make them conducive to defendants North Carolina Department of Administration, and the defendants State Construction office. Plaintiff Dineen Etienne owner of plaintiff Dee's Construction has made every effort to resolve this matter from the date the red flags began on or around May of 2017. And yet to this day, Plaintiff alleges that Defendants employees of the NCDOA are ignored and or covering up the bad faith, fair dealing, deceptive trade practices and also in violation of Plaintiffs rights. Defendants within the Department of Administration. Plaintiff Dineen Etienne owner of Dee's Construction made several attempts to turn in verified claim when violation occurred on the contract, with the office of defendants and codefendants NCDPS, NCSCO, Office of Administration and Office of Civil Rights and was denied the right to due process and equal protection under the law.

As it relates to the process of the verified claim the Defendants employees at the State of North Carolina states Carolina office in their response to the verified claim does not outline that there shall be signatory swears to the accuracy and the truth of the facts and claims in the written submission. But with regards to the verified claim that was submitted on August 27, 2020 by certified mail, also attached with the verified claim was a notarized document on the day of submission dated August 27, 2020. Dee's Construction has complied with the verified claim and notarized process.

Plaintiff also alleges that how can there be a fair or impartial decision of the Defendant and codefendants NCSCO or NCAG office when both had a fiduciary duty and interest in the contract.


**DEFENDANTS NORTH CAROLINA ATTORNEY GENERAL OFFICE, JOSH STEIN**

**Background information (new allegation)**

Plaintiffs alleges that the Defendant/codefendants of the North Carolina Attorney General Josh Stein, officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

**Plaintiffs also alleges that how can there be a fair or impartial decision of the NCSCO or NCAG office when both had a fiduciary duty and interest in the contract.** Due to Defendants and Codefendants Plaintiff alleges that the Defendants North Carolina Attorneys General office Josh Stein abused their power by instructed codefendants to retaliate against, oppress, and violate Plaintiffs Dineen Etienne civil rights when using excessive force when unjustified shooting of Plaintiffs son Daequan Samuels and police brutality when local Fayetteville Police Department engaged illegally with criminals to enter Plaintiff's home. Plaintiffs also alleges the altering and redacting of police reports and court filings within North Carolina court systems.

Plaintiffs also alleges the that NCAG and Codefendants Governor Roy Cooper abused their power when instructing codefendants public governmental entities within the department of administration to conspire against Plaintiffs by denying plaintiffs employment, unemployment benefits, and opportunities to programs within the state of North Carolina. In the states own disparity studies, it has been founded that defendants and codefendants in the North Carolina Administration has continued to discriminate against minorities and exclude them from opportunities within the state. Plaintiff Dineen Etienne was the only one that spoke out about the abuse of power, mismanagement of funds, collusion, corruption and racketeering practices, within the state of North Carolina. After plaintiff spoke out about the abuse of power the retaliation began against Plaintiff and her family member son Daequan Samuels.

Plaintiff alleges, that all Defendants and Codefendants conspired to diminish Plaintiffs character in order to cover North Carolina state corruption, abuse of power, mismanagement of funds, discrimination, collusion, and racketeering practices within North Carolina. Plaintiff alleges that after the Carolinian newspaper ran the Plaintiffs story about the state corruption, abuse of power, mismanagement of funds, discrimination, collusion, and racketeering practices. Codefendant Adriana manager of the Carolinian newspaper, Adriana Jervay soon after running the story purchased a home, two vehicles and had wrap them with their logo. Also, engaged in identity theft of Plaintiffs personal information with defendants and codefendants. When plaintiff found out that defendants/codefendants conspired to enter Plaintiffs home illegally, then Plaintiff stop defendants/codefendants Carolinian newspaper to the delivery of their newspapers to the Fayetteville North Carolina area. Plaintiff Dineen seen that when Adriana asked if Plaintiff could pick up the newspapers from the Raleigh North Carolina office and deliver to the

Fayetteville North Carolina and then realized it was all a set up to keep Plaintiff occupy so the that these criminals/actors/defendants could enter into plaintiffs' home. Codefendants Adriana of the Carolinian newspaper redacted story from newspaper and begin running ads for defendants North Carolina Department of Public safety. Also, defendants and codefendants engaged in threatening phone calls, threats on Plaintiffs and family members lives, tampering with court filings, mail, email, devices, and police report filing. Plaintiff alleges Defendants and codefendants tampered with plaintiff's vehicles and attempted murder. Because of North Carolina's Attorney General office is in control of the public governmental offices under the North Carolina Department of Administration and also has a fiduciary duty and interest in the contract amongst other things. These perpetrators/criminals have been following Plaintiffs and defendant/codefendants hired young African American men/women to follow, intimidate, harass Plaintiffs, which is one of the acts of human trafficking.

Here are the license plate numbers of the vehicles that have been following Plaintiffs:

JBN9820 2021 JEEP FOLLOWED PLAINTIFF DINEEN ETIENNE HOME ON 09/26/2021 AT 9:32PM

HLL5181 FOLLOWED TO PLAINTIFF DINEEN ETIENNE WAKE COUNTY COURTHOUSE ON 10/11/2021 AT 6:30AM

27273402 NC FOLLOWED PLAINTIFF DINEEN ETIENNE HOME ON 09/20/21 AT 9:09AM

JBE-6405 NC FOLLOWED PLAINTIFF DINEEN ETIENNE ON 03/31/2021 AT 11:20AM

26424190 NC FOLLOWED PLAINTIFF DINEEN ETIENNE HOME

JBX-8198 NC FOLLOWED PLAINTIFF DINEEN ETIENNE TO LOWES

96907A FOLLOWING PLAINTIFF DINEEN ETIENNE AROUND DC THEN TO THE US DEPT OF JUSTICE ON DEC 3, 2021 AT 2:19 PM

PME5743 HONDA FOLLOWED PLAINTIFF DINEEN ETIENNE FROM FAYETTEVILLE NC AND AROUND ATLANTA GA 05/25/2022 THEN AGAIN 05/28/2022 AT 8:48PM

JBXZ8527

**DEFENDANTS NORTH CAROLINA WAKE COUNTY, Blair Williams**

**Background information (new allegation)**

**Plaintiff alleges that the Defendant and codefendants of the North Carolina Wake County Court, Blair Williams,** officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law,

Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

Plaintiff Dineen Etienne contacted Blair Williams office and CC: FBI office in regards to the Wake County courthouse is in violations of state federal law in the constitution and treaties. Plaintiff alleges that the Wake County deprive Plaintiff of civil rights, falsifies conceals and covers up by tricks, scheme, and device a material of facts. Plaintiff alleges that the Defendants Blair Williams and employees of the Wake county Courthouse, CBS, Nexstar, Attorney General Office, and its public governmental entities conspired and set in motion unconscionable calculated scheme to interfere with the judicial system ability to make a impartially adjudicate on a matter, by influencing the trier of facts and unfairly hampering the presentation of the Plaintiffs' lawsuit claims against Defendants (CBS and Nexstar – 21CV 005118), (NCDPS and NCSCO -21 CVS 02293), (Dormabaka 21-CVS 010696).

Plaintiff Dineen alleges the Defendants collectively involved in misconduct and fraud with in the Wake County Courthouse, along with is in violation of the Plaintiffs' 4th amendment rights. Plaintiff also alleges Defendants North Carolina Wake County Court superior Blair Williams and employees also willfully, unlawfully conceals, removed, mutilates, obliterate, destroy and attempted with the intent to carried away any records, with regards to proceeding, map, book, paper, documents, and filed or deposited with any clerk or officer of any court of the United States courts is in violations. Codefendants **North Carolina Wake County Court superior Blair Williams,** clerk's office took an oath of office and is in violation of that oath.

**Plaintiff alleges that the North Carolina Attorney General office Josh Stein has control over the North Carolina Department of Administration and its Public governmental entities. Plaintiff Dineen alleges that the defendants/codefendants AG office Josh Stein and Governor Roy Cooper has directed these offices the too either ignore or deny complaints filed within the state of North Carolina Department of Administration. Also deny Plaintiff program funding within the state of North Carolina with regards to grants, loans, and tampering with mail, emails, phone calls, credit report, medical records, and other allegation outlined in this complaint. DEFENDANTS NORTH CAROLINA JUDICIAL STANDARDS COMMISSION**

**Background information (new allegation)**

**DEFENDANTS OF THE STATE OF NORTH CAROLINA JUDICIAL STANDARDS COMMISSION**

**Plaintiff Dineen Etienne alleges that the Defendants State of North Carolina Judicial Standards Commission (NCJSC), North Carolina Attorney General office Josh Stein and Co- Defendants** officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law,

Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment.
Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law. **Plaintiff alleges that the North Carolina Attorney General office Josh Stein has control over the North Carolina Department of Administration and its Public governmental entities. Plaintiff Dineen alleges that the defendants/codefendants AG office Josh Stein and Governor Roy Cooper has directed these offices the too either ignore or deny complaints filed within the state of North Carolina Department of Administration. Also deny Plaintiff program funding within the state of North Carolina with regards to grants, loans, and tampering with mail, emails, phone calls, credit report, medical records, and other allegation outlined in this complaint.**

Plaintiff contacted defendants North Carolina Judicial Standards Commission office, regarding a complaint Plaintiff filed against Fayetteville North Carolina Court magistrate Michelle Johnson with regards to court hearing on August 3, 2020. On September 12, 2020 Plaintiff received a response back from the defendants at the Judicial Standards Commission, "stating that the Commission is only authorized to consider misconduct of Judges only". Plaintiff finds that defendants are to consider all manners as it relates to the definition of a judicial commission is: Judicial -is of by or appropriate to **a court or judge**.

This is not the first time that Plaintiff has filed complaints that has yet to be addressed regarding North Carolina Courts system. Plaintiff alleges the relationships between some attorneys and Judges are egregious. Justice for the residents of North Carolina Courts system, like such as Plaintiff has been denied. And is a violation of the Fourteenth Amendment. It says that no state shall make or enforce any laws that will "deny to any person within its jurisdiction the equal protection of the law." The provisions require the government to treat persons equally and impartially.

Plaintiff Dineen has been discriminated against, by the Defendants North Carolina department of Administration, Plaintiff Dineen has found it impossible to get fair or impartial treatment in the state of North Carolina department of Administration and its public governmental entities. Because Plaintiff Dineen, is a whistleblower against the defendants State of North Carolina Administration and its public governmental entities, that the defendants continue to retaliate against Plaintiffs.

Plaintiff stated in its letter to Defendants that Plaintiff would like the commission to review the complaint further, and if defendants find that the Judicial commission office does not handle these types of matters such as Plaintiffs complaint to please advise Plaintiff Dineen of which department Plaintiff can file complaint.


**DEFENDANTS, WAKE COUNTY SHERIFF'S OFFICE, officer T.L. Davis**

**Plaintiff alleges that the Defendant and codefendants of the North Carolina Wake County Sheriff's**
T.L. Davis, officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff.
Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone,

phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

## Background information (new allegation)

Plaintiff Dineen Etienne, tried to file a police report after finding out on October 11, 2021, that Plaintiffs case files against Dormakaba have been altered and redacted. Plaintiff went to the officer that was on duty within the Wake County Courthouse to contact the police to file a police report because he stated that he could not file a police report. Plaintiff, was advised by officer that plaintiff would need to contact the Attorney General after making a call. The Raleigh Police Department states that Plaintiffs Dineen that Plaintiff would need to go to the Wake County Sheriff's Department to file a report. Plaintiff went into the Defendants Wake County Sheriff's Department and spoke with officer T.L. Davis. Defendant Davis asked Plaintiff for her ID and after giving Defendant Davis Plaintiffs driver's license and then making a phone call. Defendants Davis told Plaintiff that she needed to leave and told Plaintiff that she was trespassing and never to return. Plaintiff Dineen Etienne told Defendant T.L. Davis, that he was violating Plaintiff Dineen constitutional rights. Plaintiff was so upset and asked defendant T.L Davis if he was one of these "yes sir niggers" and repeated to Defendant T.L Davis that he cannot threaten Plaintiff with arrest, nor kick Plaintiff out of a public place and is in violations of Plaintiffs constitutional rights as Defendant Davis is escorting Plaintiff out of the building. Plaintiff advised Defendant T.L. Davis not the put his hands on Plaintiff Dineen Etienne.

## DEFENDANTS NORTH CAROLINA FAYETTEVILLE POLICE DEPARTMENT, Police chief, Gina V. Hawkins

### Background information (new allegations)

**Plaintiff alleges that the Defendants Fayetteville, North Carolina Police Department, Gina V. Hawkins,** officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

On 12/21/2021 around 11:50 am: Plaintiff Dineen contacted Defendants Fayetteville police supervisor defendant Hockenberry and asked if he was on duty? Defendant Hockenberry stated yes! At that point Plaintiff asked if defendant Hockenberry could come over to Plaintiff s place, because Plaintiff Dineen found information that would explain all of the break-ins, harassment and other allegation outlined in this complaint that Plaintiff needed to report, and advised him that he was the only one Plaintiff could trust at this time. Defendant Hockenberry, told Plaintiff to give him a little bit and he will be over.

When Defendants Officer Hockenberry arrived at Plaintiff's home, he brought another officer with him that was familiar to Plaintiff and Plaintiff realized that Plaintiff Dineen had filed a couple of reports with defendant Pharris, C. E. badge number (1323). Plaintiff advised Defendants Hockenberry and Pharris after Plaintiff did her own investigation and connecting the dots, that Plaintiff realized what could be happening with criminal activity that is going on in Plaintiffs home. Also, would explain break-ins, attempted murder, harassment, threats on Plaintiffs and Plaintiff's son lives, and tampering with Plaintiffs vehicles, purposely causing accidents, neighbors and apartment maintenance entering into Plaintiffs home under false pretense.

After Plaintiff, Dineen reported this manner to the Defendants of the Fayetteville police Department officers Hockenberry and Pharris, and then showing them all the supporting documentation, and defendant Hockenberry asked for a copy of the documentations. Defendants of the Fayetteville police Department officer Hockenberry stated that he would be filing the report today and would give me a call back. Later on, that day defendant Hockenberry advised Plaintiff Dineen Etienne that he filed the report and that Plaintiff would also need to go to the FBI at the Systel Building located: at 225 Green Street. Ste 310, Fayetteville NC 28301. It was getting late, so Plaintiff Dineen decided she would not go to the FBI office the next day.

*Later* on, that evening on 12/21/2021 after reporting what Plaintiff had found in her investigation to defendants' officers Hockenberry and Pharris. An unknown man that Plaintiff Dineen had never seen before came to Plaintiff's door to advise Plaintiff Dineen Etienne's that her garage was open and that nothing was missing. Plaintiff, immediately called her neighbor Montana and her boyfriend whom was visiting for the holidays from Italy. Plaintiff Dineen advised them of what was going on. Montana advised Plaintiff not the leave and they would go and check it out. Montana advised Plaintiff that the garage was opened, so Plaintiff grab her key fob and closed it. Montana, advised me it was closed and Plaintiff thank them both for going to look out for Plaintiff. After closing a few minutes later, the man came back to tell Plaintiff again that Plaintiff's garage was opened again. This was definitely an attempt to get Plaintiff out of the home to cause harm to Plaintiff. Plaintiff Dineen Etienne alleges that Police officers, sheriffs, judges, attorneys, public governmental entities that may have turn brady.

On 02/28/2022 Plaintiff Dineen Cherylann Etienne went to the Defendant Fayetteville Police department, after Plaintiff repeatedly went to the Fayetteville Police department several times throughout the year to find out why Plaintiffs name was redacted from the police report dated 07/19/2021 report number 202101642. Plaintiff talked with internal affairs supervisor, which Plaintiff found out that there are at least 3 internal affairs supervisors at the Fayetteville Police Department. After several demands to the Defendant Fayetteville police department added Plaintiffs Dineen name back to the police report after it was altered back in July, 2021. On this same day the Plaintiff requested again all of the police reports filed with the Fayetteville police Department between 2017 until now. Plaintiff was only supplied with some of the reports because the internal affairs officer advised Plaintiff Dineen that there was an investigation into the other manners and could not get a copy of the reports. Plaintiff also alleges that officers illegally entered her home without a search warrant nor reason to enter her home. Plaintiff alleges that an unknown officer entered plaintiffs' home and shifted around items in plaintiff's home. In order for the state of North Carolinas Department of Administration and its public governmental entities, to paint a

picture to make it seen as if Plaintiff Dineen Etienne was losing her mind. Plaintiff also alleges on that same day that Plaintiffs' alarm to her home was going off and could not get the alarm to stop, because it seems as if the code had been changed on the panel. Plaintiff contacted Vivint customer service to advise them of what was going on, a few minutes later after being on hold with Vivint. A call was coming in on the other line, it was Vivint stating they had dispatched the Fayetteville police department to come out. Plaintiff advised her that Plaintiff just seen defendants/codefendants Fayetteville Police Department and told the defendants/codefendants Fayetteville Police Department and for them to stay the fuck away from her home because of what she seen on camera the defendant Fayetteville police department officer entering into her home. While the Plaintiff alarm continued to go off, the rep continued to trouble shoot the system. Plaintiff was explaining what was going on with everything with regards to her being a whistleblower in the state of North Carolina and their tampering with Plaintiffs security system in order to gain access to Plaintiffs home. Plaintiff received a call on Plaintiffs other phone from Plaintiffs father Stephen C Samuels Sr. advising Plaintiff Dineen that her son Daequan was in the hospital in ICU and in a coma. Plaintiff was so upset, yelling God no and crying. Plaintiff Dineen then forgot that she was on the phone with the defendant rep Vivint, Plaintiff heard rep ask if she was ok and then defendants/codefendants Vivint's rep stated that she contacted the police because she was concerned. Plaintiff advised her not to contact the Defendants/codefendant Fayetteville Police department. Plaintiff disconnected the call and was so upset that Plaintiff began breaking things in her apartment, Plaintiff door was opened that entire time, then the upstairs neighbor black male entered into Plaintiffs apartment and stated its ok and stated don't do that! Plaintiff was crying and ask him to please leave. As plaintiff Dineen was calling the hospital in Tacoma Washington to find out which hospital Plaintiffs son was in. The Defendants Fayetteville Police department showed up knocking at the door, Plaintiff told defendants to get the fuck away from her door and to leave her alone. The defendants Fayetteville Police officer continued to knock at the door repeatedly and would not go away. Plaintiff Dineen yelled out again to leave her the fuck alone and to get the fuck away from Plaintiffs door. When Plaintiff was leaving her home defendants of the Fayetteville Police department officers blocked Plaintiff from entering her SUV, Plaintiff was so upset because the Defendants continued on and would not leave Plaintiff alone. Plaintiff was trying to retreat back to her apartment when defendant continued to block Plaintiff from going up the stair to Plaintiffs apartment. Defendant/Codefendant officer stated that we want to make sure you did not cut yourself. Plaintiff turned around and state are you fucking crazy you asshole, my son is in the hospital because of you assholes. Then plaintiff proceeded to walk to her apartment and was blocked from entering her apartment again by the defendants Fayetteville Police Department officers. Plaintiff pulled out her phone and began recording the criminal activity of these defendants/codefendants Fayetteville NC police department officer. When Plaintiff was able to enter her home. Defendants of the Fayetteville NC Police department officer tried to push his way into defendants' home and stuck his foot in Plaintiffs doorway. Plaintiff stated to defendant you are even adding more charges, to yawl's criminal activities.

**Defendants/codefendants Police Chief Hawkins and its officers under defendants/codefendants Hawkins, supervision and their abuse of power and police reports with the defendants/codefendants NC Fayetteville Police Dept, of police reports being alter/redacted. Also, involvement with RICO activity**

**SEE all police reports where the officers have either altered and redacted reports**

**2017-029281-10/15/2017**

**2017-627965-11/18/2017**

**2017-631292-11/20/2017**

**Police reports from 2018 police department will not give them to me**

**Police reports from 2019 police department will not give them to me**

**2020-004510-02/20/2020**

**2021-023368-09/30/2021**

**2021-492281-10/15/2021**

**2021-016942-07/19/2021**

**2021-030679-12/21/2021**


## DEFENANTS FAYETTEVILLE NORTH CAROLINA FAYETTEVILLE SHERIFF'S OFFICE, Ennis W Wright

**Background information (new allegation)**

**Plaintiff alleges that the Defendant and codefendants of the Fayetteville North Carolina Sheriff's Office and Cumberland County Health and Social Services,** officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina**.** Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

On around March 2, 2021, Codefendants conspired with Fayetteville North Carolina sheriff office attempted to serve plaintiffs son Daequan Samuels with factitious support enforcement documentation. Fayetteville Sheriff office conspired with all defendants and codefendants to oppress intimidate, and committed data theft and fraud because Plaintiffs mother Dineen Etienne is a whistleblower in the State of North Carolina for its abuse of power, collusion, corruption, fraud and mismanagement of funds. Defendants/codefendants conspired against Plaintiff Dineen Etienne when Defendants could not get to Plaintiff Dineen, Defendants target Plaintiff's son Daequan Samuels.


## DEFENDANTS CUMBERLAND COUNTY HEALTH AND SOCIAL SERVICE, TERESA MONROE

**Background information (New allegations)**

**Plaintiff alleges that the codefendants of the Cumberland County Health and Social Services and North Carolina Sheriff's Office, Teresa Monroe Child support enforcement agent** officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina**.** Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

On around March 2, 2021, codefendants Fayetteville North Carolina sheriff office attempted to serve plaintiffs son Daequan Samuels with support enforcement documentation.

On or around March 26, 2021, Plaintiff Dineen Etienne received a letter from Co Defendants Cumberland County support enforcement. Codefendants state that Mr. Samuels is required to pursue paternity and child support, who receives public assistant or whom caretaker applies for child support services codefendants are currently working with Larissa a Jones to establish child-support for child Jeremiah E. Jones date of birth July 14, 2019.

Codefendants request Plaintiffs Daequan Samuels to please call as soon as possible to set an appointment for Codefendants to determine an approach of amount of financial support based on income and expenses for child of both parents. At that time codefendant can explain this process fully an to address Plaintiff Daequan's questions and concerns for case number #0008472434

Codefendants goes on to say if we do not hear from you within 10 days date of this letter your case will be referred to appropriate legal action sincerely case worker codefendant Teresa Monroe Child support enforcement agency: contact number 910-486-1092.

On or around April 1, 2021 Plaintiffs Dineen Etienne and Daequan Samuels contacted Codefendants Teresa Monroe, to inform her that the Paternity test is scheduled for April 2, 2021 and that Plaintiff Dineen Etienne paid $349.00 on April 1 2021 at 9:59:08 am. Codefendant Mrs. Monroe stated that Plaintiffs mother Dineen could not pay for the paternity test. And that Plaintiff needed to get the money refunded. Plaintiff Dineen advised codefendant Mrs. Monroe That that was not going to happen, because Plaintiff Dineen Etienne informed Codefendants Teresa Monroe that she knew exactly what was going on here, and that state of North Carolinas Department of Administration and its public governmental entities is retaliating against Plaintiff's son. Because plaintiff Dineen is a whistleblower and the defendants /codefendant is targeting Plaintiff's family member. Plaintiff also advised codefendant Teresa Monroe that she would personally come after her when, Plaintiff Dineen Etienne files RICO lawsuit against the State of North Carolina.  Plaintiff Dineen, also reiterated to defendant Monroe that their office uses the same lab (lab core) for paternity testing. So, it should not be a problem to use the same lab.

Plaintiff, supplied Codefendants with all confirmation number 462407849 of Plaintiffs Daequan Samuels DNA testing and supporting documentation, of by via FedEx on 4/08/2021 and delivered to Codefendants Cumberland County support enforcement 04/09/2021 at 12:20 pm signed by Knorton. And that Plaintiff Dineen also by fax 5/19/2021 to 910-223-5237. Codefendants Monroe, stated that she did not receive the documentation and Plaintiff Dineen advised codefendants that the supporting documentation was sent by FedEx and was signed and then just faxed it to codefendants Monroe's office.

Plaintiff Dineen contacted codefendants Cumberland County support enforcement Teresa Monroe on May 19, 2021 to inform codefendants, that Plaintiff Dineen would be at court in the morning, May 20, 2021 to be present for Plaintiff's son Daequan Samuels, since Plaintiff son Daequan Samuels resides in Washington state. Plaintiff also advised codefendants that Plaintiff Dineen also filed it with the Cumberland County court on that day May 19, 2021 at 1:38 pm.

When Plaintiff Dineen arrived at court was told that Plaintiff could not be present for plaintiff's son Daequan. Plaintiff explain to defendants of the Cumberland County support enforcement supervisor, that Plaintiff's son has a Traumatic brain injury and that Plaintiff Dineen has power of attorney for Daequan because of his medical conditions. Supervisor advised Plaintiff that the case worker would be in contact with Plaintiffs because codefendants of Cumberland County support enforcement did not have a case on calendar. When clearly Plaintiff Dineen has a recording of codefendant Monroe stating that the case would be held on May 20, 2021 on or around 9:00 am. And also received letter of the court hearing for May 20, 2021.

When codefendant Monroe did not call back, for couple of weeks. Plaintiff Dineen followed up with codefendants Teresa Monroe and requested updated information in regards to the case. Plaintiff Dineen advised codefendant Mrs. Monroe, that Plaintiff Dineen knew exactly what the state of North Carolina was up to and that Plaintiff knows that it is impossible that this child is Plaintiffs son. Because the time that this child was conceived, Plaintiff's son Daequan was in the Traumatic brain injury home Terry homes in Auburn Washington, which is located in Washington state. Codefendant Monroe also advised Plaintiffs mother Dineen that the codefendants mother Marissa Jones has yet, to take the paternity test and would like to find out why she has fabricated such information. Codefendants have yet to get back with defendants in regards to the case as of May 9, 2022.


## DEFENDANTS CUMBERLAND COUNTY HEALTH DEPARTMENT, WANDA MELANSON

**Background information (New allegations)**

**Plaintiff alleges that the codefendants of the Cumberland County Health Department, Wanda Melanson** officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff.
Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment.
Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles

and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

On January 25, 2022 Plaintiff filed a complaint against codefendant provider Wanda Melanson for medical malpractice for prescribing medication that was never discuss with Plaintiff in the appointment on January 24 2022. Plaintiff alleges that Wanda Melanson conspired with the defendants in order to control the narrative, so if the Plaintiff death is untimely defendants/codefendants would have an explanation for plaintiff death and nor diminish Plaintiffs' character to state that Plaintiff was on antidepressants. Plaintiff Dineen Etienne filed a complaint with the US Department of Health and Human Services office of civil rights. (Receipt #26345373)

## DEFENDANTS FEDEX, EMPLOYEE KATIE HAMMOND

### Background information (New allegations)

**Plaintiff alleges that the codefendants of the FedEx Manger Katie Hammond** officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

On March 29, 2021 express documentation (to the department of treasury (IRS) office located 333 W Pershing Rd Kansas City, MO 64108, from the FedEx office located at 5091 Morganton Road, Fayetteville NC 28314. That was scheduled to get to the IRS on April 2, 2021 at 4:30 pm. Upon reviewing the tracking information through the FedEx web-site it stated the documentation was delivered to the IRS in Kansas City on March 31, 2021 at 10:27 am signed by L Banks.

After Plaintiff Dineen contacted the IRS to see if their office had received the supporting documentation on or around April 2, 2021. Plaintiff was advised by the representative that they have not received the supporting documentations and to give them a couple weeks. After a couple of weeks went by Plaintiff Dineen called back to the IRS on April 22, 2021, IRS reps again indicated they had never received the documentation to dispute balance of the 2017 tax returns. That Plaintiff has been trying to resolve for years now.

At that point Plaintiff decided that she would resend the documentation, again through codefendants FedEx from the same location: 5091 Morganton Road, Fayetteville NC 28314 on April 28, 2021. That

was scheduled the get to the department of treasury (IRS) office located 333 W Pershing Rd Kansas City, MO 64108, on May 3, 2021. Upon reviewing the tracking information again through the codefendants FedEx web-site it stated the documentation was delivered to the IRS in Kansas City on April 29, 2021 at 10:20am signed by codefendants F Mireles.

On Monday 31, 2022 at 6:31pm after Plaintiff retrieving mail from her mailbox, Plaintiff found that Plaintiffs mail has been tampered with which is a federal crime. The same documentation that Plaintiff sent to the IRS by way of FedEx, was returned back to Plaintiff opened by the United States Postal Service. Plaintiff send supporting documentation to the IRS in Kansas and was out of the FedEx package that Plaintiff send 10 months ago. The Plaintiff label stated return sender on the package and the sender label was the NCDOR.

After reporting abuse of power, fraud, and corruption in North Carolina Department of Administration conspired with defendants and codefendants to stop all Plaintiffs communication by via mail. Plaintiff alleges that Plaintiff has been retaliated against for being a whistleblower. These defendants and codefendants conspired with criminals/actors are tampering with mail, phone calls, emails, credit reports and all financial information. What is happening here is Plaintiff alleges that all this is happened because after Plaintiff Dineen owner of DBA Dee's Construction secured a contract with North Carolina Department of Public Safety where there were contract violations, that turned into criminal activity, then organize crime. There has been retaliation with threats on Plaintiffs and family members lives plaintiff son. Defendants and codefendant North Carolina Department of Administration and its public governmental Entities have done everything from hindering Plaintiff from working, and trying to financially destroy Plaintiff and her family. Plaintiff alleges that the North Carolina State Employee within the Department of Revenue conspired with the United State postal workers and FedEx employees to tampering and diverting Plaintiffs mail to the EECO, IRS, Passport, and other information in regards to plaintiff bills. And infringing on Plaintiffs right to privacy and equal protection under the law.

Plaintiff alleges the manager of FedEx was acting suspicious, because when Plaintiff confronted codefendant FedEx manager with regards to her and employees benefited by engaging in corruption with regards to Complaint against North Carolina, immediately codefendant said that she felt threatened because Plaintiff Dineen is raising her voice and that codefendants had asked Plaintiff to leave the store. After confronting codefendant and advising her that Plaintiff Dineen was recording this whole situation. Codefendants FedEx manager whole demeanor changed and Plaintiff advised codefendant that she should have contacted corporate office and contacted the police with regards to this matter last year when Plaintiff's packages did not arrive to their destinations. Plaintiff Dineen stepped out of the store and waited for the police and Plaintiff was very upset, crying profusely.

Plaintiff alleges that an North Carolina state employee conspired with United State postal employees and FedEx employee to tamper and divert Plaintiff mail to a North Carolina official. The manager of FedEx: Location: 5091 Morganton Road, Fayetteville North Carolina 28314, and the United State postal service employees.

## DEFENDANTS NORTH CAROLINA DEPARTMENT OF REVENUE

Plaintiff alleges that the codefendants of the North Carolina of Revenue officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents,

interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

On March 29, 2021 express documentation (to the department of treasury (IRS) office located 333 W Pershing Rd Kansas City, MO 64108, from the FedEx office located at 5091 Morganton Road, Fayetteville NC 28314. That was scheduled to get to the IRS on April 2, 2021 at 4:30 pm. Upon reviewing the tracking information through the FedEx web-site it stated the documentation was delivered to the IRS in Kansas City on March 31, 2021 at 10:27 am signed by L Banks.

After Plaintiff Dineen contacted the IRS to see if their office had received the supporting documentation on or around April 2, 2021. Plaintiff was advised by the representative that they have not received the supporting documentations and to give them a couple week. After a couple of weeks Plaintiff Dineen called back to the IRS on April 22, 2021, IRS reps again indicated they had never received the documentation to dispute balance of the 2017 tax returns. That Plaintiff has been trying to resolve for years now.

### Background information (New allegations)

On May 6, 2022 Plaintiff is continues to be excluding her from various programs opportunities like the grant program within this North Carolina Department of Administration programs, because Plaintiff Dineen Etienne was the only one to publicly speak about the abuse of power, corruption, discrimination and mis-management of funds. Plaintiff alleges that Defendants and Codefendants conspired to the altering and redacted of Plaintiffs financial records, credit reporting along with other alleges that have been addressed in this RICO statement/claim in order to exclude Plaintiff from grant programs

## DEFENDANT UNITED STATES POST OFFICE OF FAYETTEVILLE NORTH CAROLINA, EMPLOYEES

### Background information (New allegations)

Plaintiff alleges that the codefendants of the US Post Office officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color

of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

After reporting abuse of power, fraud, and corruption in North Carolina Department of Administration conspired with defendants and codefendants to stop all Plaintiffs communication by via mail. Plaintiff alleges that Plaintiff has been retaliated against for being a whistleblower. These defendants and codefendants conspired with criminals/actors are tampering with mail, phone calls, emails, credit reports and all financial information. What is happening here is Plaintiff alleges that all this is happened because after Plaintiff Dineen owner of DBA Dee's Construction secured a contract with North Carolina Department of Public Safety where there were contract violations, that turned into criminal activity, then organize crime. There has been retaliation with threats on Plaintiffs and family members lives plaintiff son. Defendants and codefendant North Carolina Department of Administration and its public governmental Entities have done everything from hindering Plaintiff from working, and economically trying to destroy Plaintiff and her family. Plaintiff alleges that the North Carolina State Employee within the Department of Revenue conspired with the United State post worker and FedEx employees in tampering and diverting Plaintiffs mail to the EECO, IRS, Passport, and other information in regards to plaintiff bills and infringing on Plaintiffs right to privacy and equal protection under the law.

Plaintiff alleges and believe that the North Carolina state employee paid and United State postal employees and FedEx employee tamper divert my mail to a North Carolina official. The manager of FedEx: Location: 5091 Morganton Road, Fayetteville North Carolina 28314, and the United State postal service employee.

## DEFENDANT RESERVE AT CARRINGTON PLACE, Karen Rea Perkins

### Background information (New allegations)

Plaintiff alleges that the codefendants of the Reserve at Carrington Place Karen Rea Perkins Community Manager officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

On November 12 2021, Defendants and codefendants of the Reserve at Carrington Place maintenance employee and downstairs tenants in apartment 107, entered into plaintiffs home illegally. The tenant downstair called plaintiff and stated that codefendants apartment was flooded and stated for purpose that my apartment had the be flooded. And the water was coming through codefendants sprinkler system. In fact, there was no emergency, and Plaintiff did not give permission to defendants/codefendants authority to enter Plaintiff's apartment. And Plaintiff was not provided with 24 hours' notice as by the residential tenancies act. Except as provided in the act of emergency to enter home without notice. Plaintiff was out of town for a job interview in Virginia and received a text message from codefendant neighbor downstairs right below Plaintiff at or around 11:43 pm, advising Plaintiff Dineen that her apartment was flooded. Which plaintiff Dineen found to be false because when plaintiff returned home the next day. Plaintiff found that it was all staged in order for these criminals/ codefendants to gain access into Plaintiff's apartment. In light of Plaintiff Dineen alleges of defendants /codefendant police chief Gena Hawkins North Carolina Department of Administration and public governmental entities criminal acts outlined in this RICO claim. Plaintiff reported corruption in North Carolina Department of Administration and its public governmental entities, and there has been constant retaliation. Plaintiff alleges that defendants of blue ridge management knowing or unknowingly engaged in corruption which follows under the Rico with tenants in apartment 307 and 107. Codefendants tenants that previously resided in apartment 307 stated that their apartment had flooded, which also too was fabricated as well. Due the there was no water marks nor water damage to Plaintiff's home. Plaintiff Dineen seen there was, only one mat on bathroom floor out of five mats on floor that was wet, and it was the one around the toilet, codefendants picked up the mat, around the toilet and wet it, to make it appear as if there was water damage.

After further investigation Plaintiff found that her internet system was tampered with and with all the constant break ins, harassment, and threats on plaintiff life. Along with police chief Gena Hawkins altering and redacting police reports. Plaintiff goes on to say in letter addressed to codefendants that employees and tenants are engaged in corruption under the RICO act.

Plaintiff states in letter to codefendants, that is in violation of plaintiff's rights to privacy, invasion of privacy, illegal trespassing, inference with tenant's rights to undisturbed use of the rental property and infliction on plaintiff emotional distress.

When Plaintiff met with codefendant manager Karen Plaintiff Dineen asked defendant "since I lived here have you ever had a problem with me?" defendant Karen stated no! "Have you had any complaints from my neighbors' defendants Karen's response again no!" Then why are you all doing this to me engaging in the corruption with the state of North Carolina? Defendants were fully aware of Plaintiff situation within the state of North Carolina's corruption, fraud, abuse of power, and the altering and redacting of police reports. codefendant Karen asked Plaintiff "how did you figure it out" this is clear that codefendants are apart of RICO, which is organized crime. Also, that Plaintiff Dineen is the target of defendant codefendants criminal activity.

## DEFENDANTS NORTH CAROLINA ETHICS COMMISSION, Tiffany Bryant

### Background information (allegations)

Plaintiff alleges that the Defendant/codefendants of the North Carolina Ethics Commission officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs

identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

Plaintiffs also alleges the that NCAG and Codefendants Governor Roy Cooper abused their power when instructing codefendants public governmental entities within the department of administration to conspire against Plaintiffs by denying plaintiffs employment, unemployment benefits, and opportunities to programs within the state of North Carolina. In the states own disparity studies, it has been found that defendants and codefendants in the North Carolina Administration has continued to discriminate against minorities and exclude them from opportunities within the state. Plaintiff Dineen Etienne was the only one that spoke out about the abuse of power mismanagement of funds collusion in racketeering practices within the state of North Carolina. After plaintiff spoke out about the abuse of power the retaliation began against Plaintiff and her family member son Daequan Samuels.

Plaintiff alleges, that defendants/codefendants conspired to diminish Plaintiffs Dineen character in order to coverup North Carolina's state corruption, abuse of power, mismanagement of funds, discrimination, collusion, and racketeering practices within North Carolina Department of Administration and its public governmental entities. Plaintiff alleges that after the codefendants Carolinian newspaper ran the Plaintiffs story about the state corruption, abuse of power, mismanagement of funds, discrimination, collusion, and racketeering practices. Codefendants/defendants conspired with employees of the Carolinian newspaper, conspired to keep plaintiff away from her home. So that the defendants and codefendants could get these Criminals/actors to enter plaintiffs home illegally. Codefendant manager of the Carolinian newspaper, Adriana Jervay soon after running the story purchased a home, two vehicles and had wrap them with their logo Plaintiff alleges that defendant Jervay may have been paid to redact Plaintiff's news article from the newspaper. Also, engaged in identity theft of Plaintiffs personal information with defendants and codefendants. When plaintiff did not comply with codefendants Carolinian newspaper to the delivery of newspapers, Codefendants redacted story from newspaper and begin running ads for defendants North Carolina Department of Public safety. Also, defendants and codefendants engaged in threatening phone calls, threats on Plaintiffs and family members lives, tampering with court filings, mail, email, devices, and police report filing. Plaintiff alleges Defendants and codefendants tampered with plaintiff's vehicles and attempted murder.

## DEFANDANTS NORTH CAROLINA INDUSTRIAL COMMISSION, Myra L Griffin

### Background information (allegations)

Plaintiff alleges that the Defendant and codefendants of the North Carolina Industrial Commission officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer

programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.


**DEFANDANT NORTH CAROLINA GOVERNOR, Roy Cooper**

**Background information (allegations)**

Plaintiff alleges that the Defendant and codefendants of the North Carolina Governor Roy Cooper officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

Plaintiffs also alleges the that NC AG and Codefendants Governor Roy Cooper abused their power when instructing codefendants public governmental entities within the department of administration to conspire against Plaintiffs by denying plaintiffs employment, unemployment benefits, and opportunities to programs within the state of North Carolina. In the states own disparity studies, it has been found that defendants and codefendants in the North Carolina Administration has continued to discriminate against minorities and exclude them from opportunities within the state. Plaintiff Dineen Etienne was the only one that spoke out about the abuse of power mismanagement of funds collusion in racketeering practices within the state of North Carolina. After plaintiff spoke out about the abuse of power the retaliation began against Plaintiff and her family member son Daequan Samuels.

Plaintiff alleges, that all Defendants and Codefendants conspired to diminish Plaintiffs character in order to cover our state corruption, abuse of power, mismanagement of funds, discrimination, collusion, and racketeering practices within North Carolina. Plaintiff alleges that After the Carolinian newspaper ran the Plaintiffs story about the state corruption, abuse of power, mismanagement of funds, discrimination, collusion, and racketeering practices. Instructed collectively instructed codefendants employees of the Carolinian keep plaintiff away from her home. So that the defendants and codefendants could get these Criminals/actors to enter plaintiffs home Illegally. Codefendant manager of the Carolinian newspaper, Adriana Jervay soon after running the story purchased a home, two vehicles and had wrap them with their logo. Also, engaged in identity theft of Plaintiffs personal information with defendants and codefendants. When plaintiff did not comply with codefendants Carolinian newspaper to the delivery of newspapers,

Codefendants redacted story from newspaper and begin running ads for defendants North Carolina Department of Public safety. Also, defendants and codefendants engaged in threatening phone calls, threats on Plaintiffs and family members lives, tampering with court filings, mail, email, devices, and police report filing. Plaintiff alleges Defendants and codefendants tampered with plaintiff's vehicles and attempted murder.

## DEFENDANT, NORTH CAROLINA SECRETARY OF STATE, Elaine F. Marshall, Secretary

### Background information (New allegations)

Plaintiff alleges that the Defendant and codefendants of the North Carolina Secretary of State officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

## DEFENDANTS NORTH CAROLINA BROAD FOR GENERAL CONSTRACTORS LICENSING BROAD, Joel Macon

### Background information (New allegations)

Plaintiff alleges that the Defendant and codefendants of the North Carolina Board for General Contractors licensing **broad -** Joel Macon officials acted in their full capacity, conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

## DEFENDANTS CBS

### Background information (New allegations)

Plaintiff alleges that the Defendant and codefendants of the CBS and its employee Steve Sbraccia officials conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO.
Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

After blowing the whistle on North Carolina Corruption. CBS and its affiliated network group Nexstar fabricated a story on Plaintiff Dineen Cherylann Etienne in order to cover up North Carolinas RICO activities. This story reach communities around the globe, that ruin my business as a small, women black owned business. After both networks realize they ruin my life and business, they did everything in their power to try to deceive me into meeting with them to do a story on my business to get me business, the young lady Tricia Patrick stated that she was a news reporter in fact she was an account executive for CBS. After refusing to meet with her. Shortly, after George Floyd was murdered. CBS continued their retaliation after the murder of George Floyd, by placing my face next to George Floyd all over the internet to send me a message to keep my mouth shut or the same thing would happen to me.

On Oct 11, 2021 Plaintiff alleges that the Wake County clerk of the court for altering and redacted cases that Plaintiff filed against the state of North Carolina public governmental entities case number and other companies that have engaged in corruption with the state officials. (Please see attached documentation)21 CV 005118, 21 CVS 010696, and 21 CVS 002293 complaint file with Wake County Clerk of Superior court supervisor Blair Williams. I tried to file a police report after finding out on October 11, 2021, that my case files for the Dormakaba case had been altered and redacted. Plaintiff wanted the officer that was on duty within the wake county court house to contact the police to file a police report. Plaintiff, was advised by officer that plaintiff would need to contact the Attorney General. The Raleigh Police Department states that Plaintiff Dineen that she would need to go to the Wake County Sheriff's Department to file a report. T.L. Davis asked me for my ID and after giving him my driver's license and told me I needed to leave and told me I was trespassing and never to return. Plaintiff Dineen Etienne told T.L. Davis, that he was violating her constitutional rights.

## DEFENDANTS NEXSTAR

### Background information (New allegations)

Plaintiff alleges that the Defendant and codefendants of the Nexstar and its employee Steve Sbraccia officials conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to

freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO.

Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

After blowing the whistle on North Carolina Corruption. CBS and its affiliated network group Nexstar fabricated a story on Plaintiff Dineen Cherylann Etienne in order to cover up North Carolinas RICO activities. This story reach communities around the globe, that ruin my business as a small, women black owned business. After both networks realize they ruin my life and business, they did everything in their power to try to deceive me into meeting with them to do a story on my business to get me business, the young lady Tricia Patrick stated that she was a news reporter in fact she was an account executive for CBS. After refusing to meet with her. Shortly, after George Floyd was murdered. CBS continued their retaliation after the murder of George Floyd, by placing my face next to George Floyd all over the internet to send me a message to keep my mouth shut or the same thing would happen to me.

On Oct 11, 2021 Plaintiff alleges that the Wake County clerk of the court for altering and redacted cases that Plaintiff filed against the state of North Carolina public governmental entities case number and other companies that have engaged in corruption with the state officials. (Please see attached documentation)21 CV 005118, 21 CVS 010696, and 21 CVS 002293 complaint file with Wake County Clerk of Superior court supervisor Blair Williams. I tried to file a police report after finding out on October 11, 2021, that my case files for the Dormakaba case had been altered and redacted. Plaintiff wanted the officer that was on duty within the wake county court house to contact the police to file a police report. Plaintiff, was advised by officer that plaintiff would need to contact the Attorney General. The Raleigh Police Department states that Plaintiff Dineen that she would need to go to the Wake County Sheriff's Department to file a report. T.L. Davis asked me for my ID and after giving him my driver's license and told me I needed to leave and told me I was trespassing and never to return. Plaintiff Dineen Etienne told T.L. Davis, that he was violating her constitutional rights.

## CODEFENDANTS CARNESWARWICK LAW FIRM, Brittany Mixon, Reiner Smit, Jonathan A. Carnes, Tara D Warwick

Plaintiff Dineen Etienne alleges that codefendants of the Carneswarwick law firm and its attorneys conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO.

Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

CarnesWarwick law firm located: at 555 Fayetteville North Carolina with a complaint against the CarnesWarwick. Plaintiff Dineen Etienne retained Defendants with the CarnesWarwick on March 17, 2020. When Plaintiff Dineen owner of Dee's Construction retained the firms and speaking with Defendants employees Amy Schmitz initially Plaintiff advised her the extent of verified claim and that verified claim would need to be done as soon as possible if the firm should take my case. After the Defendants CarnesWarwick carefully reviewed all the documentation. Defendant with CarnesWarwick employee Amy advises Plaintiff by via email that the firm could handle a case such as the Plaintiffs'. Defendants could do it on a hybrid contingency fee based. After countless emails regarding the down payment and what the down payment and what it would entail in regarding services provided. Plaintiff Dineen Etienne will provide the emails enclosed in the complaint for $2000 that Defendants of the CarnesWarwick would need 13 hours to complete the draft and representation at the State construction office. And in a second email on March 12, 2020 Defendants CarnesWarwick employee Amy call goes in more details regarding their services that it would only take 10 hours to review all the evidence and organized a draft and revise the documents. Also, that the Defendants CarnesWarwick anticipated that it would not take long to draft up the verified claim. Defendants CarnesWarwick employee Amy also goes on to say that it would take four hours to review the evidence packet and research relevant law, and 5 hours to draft the complaint. And the remainder of the time will be a lot it for the communication with the opposing party in the actual hearing.

The firm communication with Plaintiff was horrible Defendants CarnesWarwick employee will say one thing and do another! With all the constant communications with Defendants CarnesWarwick employee Britney and Rainier, with all the repeated phone calls, repeating the same information over and over again regarding the information that Plaintiff already provided at the very beginning of Plaintiff first contact with the Defendants CarnesWarwick employees. It has been very exhausting and overwhelming for the Plaintiff.

Recently, Plaintiff contacted firm to ask them for an itemized statement and that Plaintiff Dineen needed to address some concerns that Plaintiff had with regarding to the draft of the verified claim. Upon request in this information, Plaintiff received two invoices at once. After Plaintiff Dineen addressed her concerns on how the firm is handling Plaintiff case. And with regards to the communication with the Defendants with the North Carolina State Construction Office Latif Kaid. Plaintiff was advised the firm had constant communication with the opposing party. After questioning the firms communicates with the Defendants of the North Carolina State Construction Office Latif Kaid. Plaintiff asked Defendants CarnesWarwick attorney Tara why it was not listed on the itemized statement. Tara, response was defendants were not trying to give Plaintiff a higher bill. (Unacceptable)

Plaintiff alleges that the Defendant CarnesWarwick engaged in excess of billing. And did not live up to the terms of the agreement. Plaintiff requested that Defendants CarnesWarwick should return all Plaintiff money since, Plaintiff was also advised on June 24, 2020 in a conference with the attorneys Tara Warwick and Jonathan Cranes, that they could not handle a case such as the Plaintiff. And that Plaintiff would need to find another attorney, or they could lower my bill and I could turn in the claim as is, and or

giving it to the Plaintiff in a pdf. file, that would allow me to make changes in the verified claim. This is unacceptable because before they took mine case the senior partners should have reviewed all the information I provided regarding my case. It is their responsible as a law firm.

Plaintiff alleges Defendants CarnesWarwick should knew from the very start that they could not handle Plaintiff. Plaintiff Dineen also alleges that the Defendants CarnesWarwick prolong the case so that the statutes of limitation could run out. Plaintiff also alleges Defendants CarnesWarwick employee's communication conspired with the other Defendants of the NCDOA and NCSCO to prevent Plaintiff Dineen equal protection under the law. Plaintiff find this egregious and unacceptable.

Plaintiff alleges that Defendant of the NCBAR Association, Defendants CarnesWarwick, NCSCO, and its Administration collectively conspire to deprive Plaintiff of civil right under the color of law. NCBAR, hindered and prevent Plaintiff Dineen to bring forth the alleges the Defendant of the CarnesWarwick law firm and its employees' fabricated information to the NCBAR. In regards to the Defendants CarnesWarwick response to Defendants of the North Carolina Bar Association Kerri Bianchi (Fee Dispute Resolution Facilitator), that Plaintiff Dineen Etienne was combative in the meeting with on June 20, 2020 with the Defendants of the CarnesWarwick attorneys Tara Warwick and Jonathan Cranes. Plaintiff Dineen response back to North Carolina Bar Association Kerri Bianchi with a recording of the1 hour and 49 minutes; 5 second recordings. Defendants of the CarnesWarwick attorney's response back is offering to settle the fee dispute by forgiving the remaining balance owed on Plaintiffs account in exchange for a written agreement the included a mutual non-disparagement clause. Plaintiff Dineen would not agree to no such thing.

Plaintiff alleges that the NCBAR Association ignored the facts that Defendants CarnesWarwick attorney Rainier Smit is not an attorney registered in the state of North Carolina with the NCBAR and that the Defendants did not advise the Plaintiff at the time of representing Plaintiff Dineen DBA Dee's Construction. Plaintiff also alleges that the CarnesWarwick and its attorneys conspired with the State Construction Office Director Latif Kaid to prolong the verified complaint so that the status of limitation could run out.


## DEFENDANTS NORTH CAROLINA BAR ASSOCIATION

**Background information (New allegations)**

Plaintiff Dineen Etienne alleges that the Defendants of the North Carolina Bar Association, Department of Administration, and the CarnesWarwick law firm officials acted in their full capacity, when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North

Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

Defendants with the NCBAR and CarnesWarwick law firm located: at 555 Fayetteville North Carolina with a complaint against the CarnesWarwick. Plaintiff Dineen Etienne retained Defendants with the CarnesWarwick on March 17, 2020. When Plaintiff Dineen owner of Dee's Construction retained the firms and speaking with Defendants employees Amy Schmitz initially Plaintiff advised her the extent of verified claim and that verified claim would need to be done as soon as possible if the firm should take my case. After the Defendants CarnesWarwick carefully reviewed all the documentation. Defendant with CarnesWarwick employee Amy advises Plaintiff by via email that the firm could handle a case such as the Plaintiffs'. Defendants could do it on a hybrid contingency fee based. After countless emails regarding the down payment and what the down payment and what it would entail in regarding services provided. Plaintiff Dineen Etienne will provide the emails enclosed in the complaint for $2000 that Defendants of the CarnesWarwick would need 13 hours to complete the draft and representation at the State construction office. And in a second email on March 12, 2020 Defendants CarnesWarwick employee Amy call goes in more details regarding their services that it would only take 10 hours to review all the evidence and organized a draft and revise the documents. Also, that the Defendants CarnesWarwick anticipated that it would not take long to draft up the verified claim. Defendants CarnesWarwick employee Amy also goes on to say that it would take four hours to review the evidence packet and research relevant law, and 5 hours to draft the complaint. And the remainder of the time will be a lot it for the communication with the opposing party in the actual hearing.

The firm communication with Plaintiff was horrible Defendants CarnesWarwick employee will say one thing and do another! With all the constant communications with Defendants CarnesWarwick employee Britney and Rainier, with all the repeated phone calls, repeating the same information over and over again regarding the information that Plaintiff already provided at the very beginning of Plaintiff first contact with the Defendants CarnesWarwick employees. It has been very exhausting and overwhelming for the Plaintiff.

Recently, Plaintiff contacted firm to ask them for an itemized statement and that Plaintiff Dineen needed to address some concerns that Plaintiff had with regarding to the draft of the verified claim. Upon request in this information, Plaintiff received two invoices at once. After Plaintiff Dineen addressed her concerns on how the firm is handling Plaintiff case. And with regards to the communication with the Defendants with the North Carolina State Construction Office Latif Kaid. Plaintiff was advised the firm had constant communication with the opposing party. After questioning the firms communicates with the Defendants of the North Carolina State Construction Office Latif Kaid. Plaintiff asked Defendants CarnesWarwick attorney Tara why it was not listed on the itemized statement. Tara, response was defendants were not trying to give Plaintiff a higher bill. (Unacceptable)

Plaintiff alleges that the Defendant CarnesWarwick engaged in excess of billing. And did not live up to the terms of the agreement. Plaintiff requested that Defendants CarnesWarwick should return all Plaintiff money since, Plaintiff was also advised on June 24, 2020 in a conference with the attorneys Tara Warwick and Jonathan Cranes, that they could not handle a case such as the Plaintiff. And that Plaintiff would need to find another attorney, or they could lower my bill and I could turn in the claim as is, and or giving it to the Plaintiff in a pdf. file, that would allow me to make changes in the verified claim. This is unacceptable because before they took mine case the senior partners should have reviewed all the information I provided regarding my case. It is their responsible as a law firm.

Plaintiff alleges Defendants CarnesWarwick should knew from the very start that they could not handle Plaintiff. Plaintiff Dineen also alleges that the Defendants CarnesWarwick prolong the case so that the statutes of limitation could run out. Plaintiff also alleges Defendants CarnesWarwick employee's communication conspired with the other Defendants of the NCDOA and NCSCO to prevent Plaintiff Dineen equal protection under the law. Plaintiff find this egregious and unacceptable.

Plaintiff alleges that Defendant of the NCBAR Association, Defendants CarnesWarwick, NCSCO, and its Administration collectively conspire to deprive Plaintiff of civil right under the color of law. NCBAR, hindered and prevent Plaintiff Dineen to bring forth the alleges the Defendant of the CarnesWarwick law firm and its employees' fabricated information to the NCBAR. In regards to the Defendants CarnesWarwick response to Defendants of the North Carolina Bar Association Kerri Bianchi (Fee Dispute Resolution Facilitator), that Plaintiff Dineen Etienne was combative in the meeting with on June 20, 2020 with the Defendants of the CarnesWarwick attorneys Tara Warwick and Jonathan Cranes. Plaintiff Dineen response back to North Carolina Bar Association Kerri Bianchi with a recording of the 1 hour and 49 minutes; 5 second recordings. Defendants of the CarnesWarwick attorney's response back is offering to settle the fee dispute by forgiving the remaining balance owed on Plaintiffs account in exchange for a written agreement the included a mutual non-disparagement clause. Plaintiff Dineen would not agree to no such thing.

Plaintiff alleges that the NCBAR Association ignored the facts that Defendants CarnesWarwick attorney Reinier Smith is not an attorney registered in the state of North Carolina with the NCBAR and that the Defendants did not advise the Plaintiff at the time of representing Plaintiff Dineen DBA Dee's Construction.

## DEFENDANTS DORMAKABA, Maria Harkley, Katelyann Porter, Vickie Inzerillo, Dan Dole

### Background information (New allegations)

Plaintiff alleges that Defendants Dormakaba and North Carolina department of Administration officials acted in their full capacity, when conspired to cause injury, oppress, threaten and intimidate Plaintiff Dineen Etienne. Defendants have hindered and prevent Plaintiffs to freely exercise and enjoyment of their rights and privileges. Plaintiffs alleges that Defendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants conspired against Plaintiffs civil rights. Defendants deprived Plaintiff her/his civil rights under the color of law, Defendants discriminated the Plaintiffs obstructions of her/his enjoyment. Defendants conspired to cause harm to the Plaintiffs. Defendants denied Plaintiff equal protection under the law.

On or about June 19 2017, Plaintiff Dineen Etienne owner of DBA Dee's Construction, secured a contact with North Carolina Department of Public Safety while trying to secure materials for the project Plaintiff tried every attempt to contact Dormakaba for cost of locks. After Plaintiff Dineen called for a couple of days. Plaintiff Dineen went to Lowes Pro Services to get pricing where she had been doing business with for years. In the process of doing so, Plaintiff received a call from Matt Wells the project manager of hope building project of Samarcand.

Defendant employee of NCDPS Mr. Wells advised Plaintiff Dineen that she could not use Lowes as a supplier, and would get me the number to Dormakaba representative. Plaintiff advised Mr. Well that she has made every attempt to contact but not answer. After Plaintiff attempt to contact the representative while at Lowes. Plaintiffs ask Curtis Turney of Lowes to call the representative of Dormabaka, Curtis called the representative and the rep pick up on the first ring. Curtis received pricing from the representative, and the representative ask what project this was for? I waved my hands to Curtis not to tell them.

Upon Plaintiff waiting for Curtis to receive an email for pricing from Dormakaba. Plaintiff continued to make very attempt to contact the representative after no response back from the company after leaving several voicemails with Dormabaka reps. After Plaintiff's receiving pricing from Lowes and Dormakaba, Plaintiffs found that Defendants we're giving pricing higher than her white counter parts. Defendants deceptive trade practices, discrimination and retaliation did not stop there! Plaintiff Dineen Etienne contact the North Carolina Attorney General office and file a complaint on or around November 28, 2017, file No. 1712447. Because the Dormakaba would not giving pricing for the locks, CD for system upgrade and onsite training after requesting 3 possible training date.

Plaintiff Dineen, following up with Dormakaba representative Vickie Inzerillo and requested an update regarding the cd upgrade and where was it at. Vickie advised Plaintiff Dineen that it was sent to Samarcand Training. Defendant's employee Vickie emailed the quote over. Plaintiff Dineen noticed that the address was changed to an unknown address of 511 E Chatham Street Cary, NC 27511, and the address of Samarcand is: 3600 Samarcand Road Eagle Springs NC 27281. Plaintiff, google the address and found that the address belongs to Martin Architectural Products the company Dee's Construction bid against and won. Plaintiff alleges that this is the same company that, (Scott with Martin Architectural Products called Plaintiff Dineen the day before the pre-construction meeting and ask if Plaintiff Dineen if she would tell DPS that she messed up on the numbers. At the point Plaintiff knew something was not right, and told Scott she had to go, but Scott did not hang up the phone. Plaintiff Dineen heard someone say see how dumb those niggers are and laughter in the background.

The Defendants malice behavior did not stop there, after Plaintiff attempted to get the training date from Vickie Plaintiff was told that the next training date would not be available until March 2018. Plaintiff advised Defendant that this was unexpectable because this was a three-month project, that has turn in too a yearlong project at that point. Defendants, asked Plaintiff Dineen if the training could be done on the Friday, when Defendants Dormabaka clearly knew the NCDPS only works four tens and off on Friday.

Plaintiff Dineen contacted Defendant NCDPS Employee Shawn Williams on Dec 4 and Dec 6 of 2017 to see if it would be possible to get the training done on a Friday. Shawn stated that he would need to talk to the owner the see if it would be possible. When NCDPS Employee Shawn Williams call Plaintiff back Shawn informed Plaintiff that it would not be possible. Plaintiff advised Shawn William that she was tired of their good old boy system and that she filed a complaint with the Governor's office. After Plaintiff advised Defendants NCDPS employee Shawn William of what she had done with filing the complaint against the Administration. Defendants NCDPS employee Shawn Williams whole demeanor changed and advised Plaintiff Dineen to let him see what he could do about the training date! Literally, after disconnecting call with Defendants NCDPS employee Shawn Williams the Plaintiff received an email from Defendants Dormabaka employee Vickie with a training date of Dec 7, 2017, at 9 am.

**Plaintiff Dineen Etienne response letter to Dormakaba**

**FOR SETTLEMENT PURPOSE ONLY**

08/20/2021

Good afternoon, Jennie

Thank you for contacting me on Wednesday 08/19/2021 for an opportunity to settle the claim against Dormakaba for unfair deceptive trade practice, discrimination, and retaliation. Per our conversation you indicated the company would like to resolve the claim without getting attorneys involved.

What I am proposing is $750,000.00 which is negotiable. Under North Carolina law Defendants are entitled to the Plaintiff to compensatory and punitive damages of $250,000.00 or three times the amount for the unfair deceptive trade practice. And Defendants financially injury a person for unethical business practices, Plaintiff may be able to a claim of fraud or both.

Therefore, what I am proposing is treble (triple) damages on the defendant's intentionally deceptive conduct. In accordance with 75.1.1 unfair deceptive trade practice, 75.2.1 Monopolizing and attempting to monopolize prohibited.

With regarding to providing additional information you have requested that can be giving trial when request for discovery, if Dormakaba decide not to resolve this claim.

Also, I would like to propose that Dormakaba put policy and procedure in place to assure that discrimination and unfair deceptive trade practice against minorities doing business even if it is through an approved supplier. Dormakaba has a responsibility to make sure these types of practices to not take place when third parties' companies that are working for Dormakaba.

This is a serious matter, and I am open to resolve this matter. Should you have any questions please feel free to contact me at any time. This propose settlement is valid for 20 days, and should I not hear from you within 20 days. I will assume that you would like to proceed with trial. I look forward to your response.


Regards,


Dineen Cherylann Etienne
Dee's Construction


## DEFENDANTS CAROLINIAN NEWS PAPER, Adria Jervay

### Background information (allegations)

Plaintiff alleges that Defendants Carolinian newspaper Adria Jervay and its employees conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color

of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law

Plaintiff alleges, that all Defendants and Codefendants conspired to diminish Plaintiffs character in order to cover our state corruption, abuse of power, mismanagement of funds, discrimination, collusion, and racketeering practices within North Carolina. Plaintiff alleges that After the Carolinian newspaper ran the Plaintiffs story about the state corruption, abuse of power, mismanagement of funds, discrimination, collusion, and racketeering practices. Instructed collectively instructed codefendants employees of the Carolinian keep plaintiff away from her home. So that the defendants and codefendants could get these Criminals/actors to enter plaintiffs home illegally. Codefendant manager of the Carolinian newspaper, Adria Jervay soon after running the story purchased a home, two vehicles and had wrap them with their logo. Also, engaged in identity theft of Plaintiffs personal information with defendants and codefendants. When plaintiff did not comply with codefendants Carolinian newspaper to the delivery of newspapers, Codefendants redacted story from newspaper and begin running ads for defendants North Carolina Department of Public safety. Also, defendants and codefendants engaged in threatening phone calls, threats on Plaintiffs and family members lives, tampering with court filings, mail, email, devices, and police report filing. Plaintiff alleges Defendants and codefendants tampered with plaintiff's vehicles and attempted murder.

## DEFENDANTS NORTH CAROLINA INSTITUTE FOR MINORITY ECONOMIC DEVELOPMENT, KEVIN J. PRICE, ALYSSA MAKO, BRANDON LEE, TF CONGLETON

### Background information (allegations)

Plaintiff alleges that Defendants North Carolina Institute for Minority Economic Development and its employees conspired with North Carolina Department of Administration and codefendants officials acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

## CODEFENDANT BRYANT EDWARDS, AMY EDWARDS

Plaintiff alleges that the codefendants Bryant and Amy Edwards conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her

rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

## CODEFENDANTS NATURAL CAPITAL INVESTMENT FUND, INC. (NCIF), TF CONGLETON

Plaintiff alleges that the Defendants and codefendants Natural Capital Investment Fund, Inc. (NCIF) TF Congleton, and Anna Tefft conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten, and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

## CODEFENDANTS A-1 SUPPY- OWNER ABBY ORTIZ

Plaintiff alleges that the Defendants and codefendants A1 Supply, Abby conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering into Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North

Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

## CODEFENDANT NORTH CAROLINAS AGC, MIKE AUSTELL, BILL STRICKER

Plaintiff alleges that the codefendants of the North Carolina AGC and its employees Mike Austell and Bill Stricker conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten, and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

## DEFENDANT U.S DEPARTMENT OF TRANSPORTATION, SHELBY M. SCALES, DARRIN BROWN

Plaintiff alleges that the defendants of the U.S. Department of Transportation and its employees Shelby M. Scales and Darrin Brown conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten, and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

## DEFENDANT NORTH CAROLINA DEPARTMENT OF COMMERCE, MACHELLE A. SANDERS

Plaintiff alleges that the defendants of the North Carolina Department of Commerce and its employee Machelle A. Sanders conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten, and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.


## CODEFENDANT MARTIN ARCHITECTURAL PRODUCTS, SCOTT STRICKLAND

Plaintiff alleges that the codefendants of the Martin Architectural Products and its employee Scott Strickland conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten, and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.


## CODEFENDANT SMITH-CONGLETON HARDWARE, CHARLIE CONGLETON

Plaintiff alleges that the codefendants of the Smith- Congleton Hardware and its owner Charlie Congleton conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten, and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff

obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

## CODEFENDANT STEPHENSON MILLWORKS COMPANY

Plaintiff alleges that the codefendants of the Stephenson Millworks Company conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten, and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

## CODEFENDANT BURGESS SALE & SUPPLY

Plaintiff alleges that the codefendants of the Burgess Sale & Supply and its owner Tracy A. Burgess conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten, and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

## DEFENDANT NORTH CAROLINA EMPLOYMENT SECURITY, PRYOR GIBSON

Plaintiff alleges that the codefendants of the North Carolina Employment Security and the Assistant Secretary Pryor Gibson conspired with defendants when they acted in their full capacity, when defendants

cause injury, oppress, threaten, and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.


## CODEFENDANT ACCURRENCE INSURANCE II, Kelly Bunce

Plaintiff alleges that the codefendants of the Accurrence Insurance II Kelly Bunce conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten, and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.


## CODEFENDANT CITY OF FAYETTEVILLE, Mitch Colvin

Plaintiff alleges that the codefendants of the City of Fayetteville Mayor Mitch Colvin conspired with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten, and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina.

Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

**CODEFENDANT, Anthony Bannerman**

Plaintiff alleges that the codefendants of the Anthony Bannerman with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten, and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

**CODEFENDANT, Richard Fox**

Plaintiff alleges that the codefendants of the Richard Fox with defendants when they acted in their full capacity, when defendants cause injury, oppress, threaten, and intimidate Plaintiff. Defendants/codefendants have hindered and prevent Plaintiff to freely exercise and enjoyment of her rights and privileges. Plaintiff alleges that Defendants/codefendants committed many offensives that included attempted murder data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs' phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants/codefendants conspired to violate plaintiff civil rights. Defendants/codefendants deprived Plaintiff her civil rights under the color of law, Defendants/codefendants discriminated the Plaintiff obstructions of her enjoyment. Defendants/codefendants conspired to cause harm to the Plaintiff when tampering with plaintiffs' vehicles and entering Plaintiffs' apartment located at 4210 Falmont Place Unit 207, Fayetteville North Carolina. Plaintiff alleges that defendants/codefendants conspired to cause injury to plaintiffs' family member son Daequan Samuels. Defendants denied Plaintiff her equal protection under the law.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiffs' damages for Defendants reckless and callous disregard for whistleblowers rights, also emotional distress for person humiliation and other economic and non-economic harm, resulting from retaliation. Officials defendants/codefendants acted in their full capacity, when conspired to cause injury, oppress, threaten and intimidate Plaintiff. Defendants have hindered and prevent Plaintiffs to freely exercise and enjoyment of their rights and privileges. Plaintiffs alleges that Defendants committed many offensives that included attempted murder, data theft, relating to fraud and connection with access to Plaintiffs devices, activity including connection to Plaintiffs identification of documents, interference with Plaintiffs phone, phone records, computer programs, packaging, mail, and restrictions on payments all for the purpose of financial gain. These are acts under the RICO. Defendants conspired against Plaintiffs civil rights. Defendants deprived Plaintiff her/his civil rights under the color of law, Defendants discriminated the Plaintiffs obstructions of her/his enjoyment. Defendants conspired to cause harm to the Plaintiffs. Plaintiff also alleges that Defendants illegally entered into plaintiff's home and damage to plaintiff' s vehicles to cause harm to plaintiffs' health. Defendants denied Plaintiff equal protection under the law.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Plaintiff Dineen Cherylann Etienne, request protection order from all defendants/codefendants and their family members, friends, employees, associates, and their attorneys.

Plaintiff Dineen Cheryl Ann Etienne, also request protection for her family members from all defendants/codefendants and their family members, friends, employees, associates, and their attorneys.

Plaintiff Dineen Cherylann Etienne, also request that laws be put in place not only to protect small minority businesses owners in the construction trade, but also to protect the owners, when the business owner are being discriminated and retaliated against for reporting fraud, mismanagement of fund, corruption, collusion, and racketeering on state and local contracts. Also oversight of state and local government that engage in abuse of power because it is nearly impossible for constituent to get a fair and impartial decision when state and local government is involved with business in the state call the good old boy network.

Plaintiff Dineen Cherylann Etienne also request monetary and punitive damages for the following emotional distress, damages for reputational harm, lost wages and benefits for blackballing plaintiff from gaining employment and or contracts. Denying plaintiff equal protection under the color of law. Also deprived plaintiff of her freedom and life without just cause. And for this the Plaintiff Dineen Cherylann Etienne request the amount of $90 million dollars or whatever the jury award in compensatory damages and punitive damages.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/24 07/08/2022

Signature of Plaintiff _D. Chrylnn E_ 8/24/2022

Printed Name of Plaintiff Dineen Cherylann Etienne

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Address _____
_____
City    State    Zip Code
Telephone Number _____
E-mail Address _____